. [No. 20079. In Bank.—June 2, 1885.]

THE PEOPLE, APPELLANT, v. JOHN MURRAY ET AL., RESPONDENTS.

$\frac{67}{78}$ $\frac{103}{90}$

CRIMINAL LAW—ATTEMPT TO COMMIT BURGLARY—INFORMATION.—The crime of attempt to commit burglary is defined by statute, and an information which charges the offense in the language of the statute is sufficient.

APPEAL from an order of the Superior Court of the county of San Joaquin sustaining a demurrer to the information.

The facts sufficiently appear in the opinion of the court.

*Attorney-General Marshall*, for Appellant, cited *People* v. *Girr*, 53 Cal. 629.

*J. H. & J. E. Budd*, for Respondents.

The COURT.—The defendants were accused, by information, of the crime of attempt to commit burglary, a felony, committed as follows:—

"The said John Murray and James Cunningham . . . . did wilfully, unlawfully, and feloniously attempt to wilfully, unlaw-

fully, and feloniously enter that certain room of," etc., "with the intent then and there, and therein, wilfully, unlawfully, and feloniously to commit larceny."

The information was demurred to on the ground that it did not comply with sections 950 and 951 of the Penal Code, the first of which sections declares that the information must contain a "statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended"; *second,* that the facts stated do not constitute an offense; and *third,* that the information does not state facts sufficient to constitute an offense. The demurrer was sustained.

According to Wharton (1 Crim. Law, §§ 190–192), the above statement of facts would not be sufficient according to the common-law rules; it was necessary to have stated the acts constituing the attempt. "But," says Wharton (§ 191, above), "where the legislature has by statute declared a particular act to be indictable, and provided that it shall be enough to describe such act in the statutory terms — when this is done by direction or implication — it is proper for the courts to hold, as has been done, that an indictment charging that the defendant did attempt to feloniously steal from the house of A. B., or to commit a rape on A. B., is good."

The statute of this State (Pen. Code, § 459) defines the crime of burglary, and section 664 declares that "every person who attempts to commit any crime," etc., is punishable, but does not declare what acts shall constitute an attempt. It has been frequently held by this court sufficient to state the offense charged in the language of the statute. Applying these rules to the information before us, it is sufficient.

The order is reversed and the cause is remanded to the Superior Court of San Joaquin County, with directions to overrule the demurrer.