[Crim. No. 349.  Department One.—March 15, 1898.]

THE PEOPLE, Appellant, v. JAMES HUNT, Respondent.

CRIMINAL LAW—RESISTANCE OF PUBLIC OFFICER IN MAKING ARREST—SUFFI-
CIENCY OF INFORMATION.—An information charging that the defendant,
at a time and place specified, did willfully, unlawfully, and felonious-
ly resist, delay, and obstruct a public officer who was then and there
a duly appointed, qualified, and acting deputy sheriff, in the dis-
charge and attempted discharge of his duty, as such public officer,
in arresting the defendant, who was then and there willfully and un-
lawfully disturbing the peace, sufficiently states an offense under sec-
tion 148 of the Penal Code, and it is not necessary to set out the
means or manner of the obstruction, resistance, or delay, which are
mere matters of evidence; nor is it necessary to set out the acts done
by the defendant which constituted the offense of disturbing the
peace.

ID.—RULES OF CRIMINAL PLEADING.—The rules of criminal law pleading in
this state are broad and liberal; and allegations drawn in the lan-
guage of the statute defining the offense are sufficient.

APPEAL from a judgment of the Superior Court of Los An-
geles County.  B. M. Smith, Judge.

The facts are stated in the opinion of the court.

W. F. Fitzgerald, Attorney General, Henry C. Carter, Deputy
Attorney General, and William P. James, Deputy District At-
torney, for Appellant.

William T. Blakely, for Respondent.

GAROUTTE, J.—The people appeal from an order of the
trial court sustaining a general demurrer to the information.
Section 148 of the Penal Code provides: "Every person who will-
fully resists, delays, or obstructs any public officer in the dis-
charge or attempt to discharge any duty of his office . . . . is
punishable by fine not exceeding five thousand dollars, and im-
prisonment in the county jail not exceeding five years." Under
authority found in this section of the code the defendant was
charged with a misdemeanor as follows: "That the said James
Hunt, on the twenty-second day of August, 1897, at the county
and state aforesaid, did willfully, unlawfully, and feloniously re-
sist, delay, and obstruct one C. Shanks in the discharge and at-

tempt to discharge his duties as a public officer, he, the said C. Shanks, being then and there a duly appointed, qualified, and acting deputy sheriff of Los Angeles county, and being then and there engaged as such deputy sheriff in arresting James Hunt, who was then and there willfully and unlawfully disturbing the peace." The sufficiency of this information is attacked upon two grounds: 1. It is claimed the allegation that defendant did "resist, delay, and obstruct" an officer in the performance of his duty states a mere conclusion of law; and that the particular acts of resistance, delay and obstruction should be set out. The rules of criminal law pleading in this state are broad and liberal. The allegation is drawn in the language of the statute, and we deem it entirely sufficient. The means and manner of the obstruction, resistance or delay are matters of evidence, and are no more necessary to be alleged than the means or instrument used where charging a defendant with the crime of murder. 2. It is claimed that the acts done by defendant which constituted the offense of disturbing the peace should have been set out. Upon the grounds already suggested this contention is likewise untenable.

Judgment and order reversed, and cause remanded.

Van Fleet, J., and Harrison, J., concurred.