THE PEOPLE *v.* COLÓN ET AL.

APPEAL from District Court of Guayama.

No. 116.—Decided February 10, 1908.

CRIME AGAINST PUBLIC JUSTICE—COMPLAINT.—In a complaint charging violation of section 137 of the Penal Code, consisting in the fact that the defendant, upon being arrested, discharged firearms, resisted and refused to deliver his weapon, and disobeyed the police by addressing offensive remarks to them, they having to employ force to arrest him, it is not necessary to state that the police acted by virtue of a warrant or order of arrest issued by a competent judicial authority, because in such a case the officer acts in compliance with the duty imposed upon him by section 550 of the Penal Code.

JUGDMENT—MISDEMEANOR.—In case of misdemeanor it is not necessary that the accused be present at the pronouncement of sentence.

The facts are stated in the opinion.
*Mr. Rossy, fiscal,* for the respondent.
The appellant did not appear.
MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

This cause originated in the Municipal Court of Guayama upon a complaint filed by a private in the Insular Police force, José H. Reyes, against Luis Colón and another, residents of Salinas, to the effect that on October 15, 1906, in the town of Coqui, under the jurisdiction of said municipal court, upon being arrested for discharging firearms, they refused to deliver the arms and resisted the policeman, using insulting language, compelling him to use force to take them to the police station with the assistance of Policeman Mateo Sánchez.

The District Court of Guayama took cognizance of the matter and we must assume that it did so on appeal, although the record does not show this fact, and on Jauary 24, 1907, sentenced Luis Colón and Juan J. Benvenutti as guilty of the crime defined in section 137 of the Penal Code, to imprisonment for three months and to pay the costs.

Luis Colón took an appeal from this judgment to this Supreme Court, although he has not appeared to sustain it either verbally or by brief; but on examining the bill of exceptions and statement of facts we find that counsel for Colón filed a demurrer to the complaint in due time on the ground that, as drawn it was insufficient to determine or charge a crime against public justice as defined by section 137 of the Penal Code, because in complaints of this character, not only should the act or omission charged against the defendant be described with the attendant circumstances, but it is also necessary to state that the official against whom it is alleged the crime was committed was acting by virtue of a warrant of arrest issued by a judicial authority of competent jurisdiction, which has not been done. To the decision of the court overruling the demurrer filed, counsel for Colón also excepted, as he did to the judgment rendered, on the ground of a violation of secton 318 of the Code of Criminal Procedure.

Said bill of exceptions and statement of facts amended by the judge and approved with the amendments made, contain said exceptions and also the findings on the evidence heard at the trial, the defendant having also alleged in said bill that the evidence adduced at the trial was not sufficient to establish his guilt.

The practice observed by the Guayama court is not a good one, because upon the presentation of a bill of exceptions and statement of facts to the consideration of the judge, the latter must examine it, and if he finds that amendments are necessary he should specify them in order that it may be re-

drafted accordingly, and it is then that he should approve it in the proper form.

Considering now the exceptions taken at the trial, we are of the opinion that the complaint does not contain any material defect whatsoever, because it sets forth in as much detail as possible the elements necessary to determine the nature of the crime, with the circumstances which attended its commission, and we do not think it necessary to include therein that the policemen against whom it is alleged the crime was committed were acting under an order of arrest issued by a judicial authority of competent jurisdiction, inasmuch as in this case, the policemen referred to were discharging the duty imposed on them by section 550 of the Penal Code to arrest any person carrying a firearm or other weapon in violation of the provisions of title 18 of the said Code; and therefore the judgment of the Supreme Court of California in the case of *The People* v. *Timothy Craig,* 59 Cal., 370, invoked by the appellant is not applicable to this case.

The same court in the case of *The People* v. *Hunt,* 120 Cal., 281, established the doctrine that in a complaint under section 148 of the Penal Code of California, which is the equivalent of section 137 of our Code, it is not necessary to set forth the means employed to resist, delay or interfere with any public officer in the discharge of any of the duties of his office, or in endeavoring to discharge it, because these means must be the subject of proof.

With regard to the violation of section 318 of the Code of Criminal Procedure, consisting in that the defendant was not present to allege such reasons, as he might have, tending to show the impropriety of said judgment, we have already held, on a number of occasions that this section is not applicable to cases of misdemeanor but only to cases of felony, although it would be good practice to apply it to cases of misdemeanors.

As to the allegation that the evidence adduced at the trial was sufficient for the conviction of the defendant, the lattr has not advanced any ground in support of his allegation, and we find that the judgment is supported by the testimony of a number of witnesses.

We do not fail to notice that Luis Colón was sentenced to imprisonment in jail for three months, when the Penal Code prescribed for the crime in question is a maximum of $5,000 and imprisonment in jail for a period not exceeding one year; but as the representative of The People of Porto Rico has not taken any appeal from said judgment, nor made any objection thereto, it appears to us that we cannot increase the punishment of the defendant on our own motion.

For the reasons stated, the judgment appealed from should be affirmed, with the costs of the appeal also against the appellant, Luis Colón.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras, MacLeary and Wolf concurred.