[Crim. No. 918. First Appellate District, Division Two.—December 16, 1921.]

THE PEOPLE, Respondent, v. J. G. WIELER, Appellant.

[1] CRIMINAL SYNDICALISM LAW — MAINTENANCE OF INDUSTRIAL CHANGE — OMISSION TO PENALIZE — CONSTITUTIONAL LAW. — The criminal syndicalism law which penalizes certain acts done to accomplish an industrial or political change is not unconstitutional for not penalizing the same acts if done for the purpose of maintaining and perpetuating the same industrial or political condition.

[2] ID.—DESTRUCTION OF OWNED PROPERTY—AMENABILITY TO ACT—EVIDENCE—MOOT QUESTION.—Complaint cannot be made in a prosecution for criminal syndicalism that under the terms of the statute one cannot destroy his own property without becoming amenable to its terms, where the facts do not present the question.

[3] ID.—FAILURE TO DEFINE TERMS—VALIDITY OF STATUTE.—The criminal syndicalism law is not void for failure to define "crime," "unlawful method of terrorism," "change in industrial ownership or control," etc., since the meaning of such words and terms may be obtained from the decisions and code provisions, and in view of the fact that there is no constitutional requirement that rules of interpretation be provided within the bounds of each particular statutory enactment.

[4] ID.—INFORMATION—CONSOLIDATION WITH SUBSEQUENT INDICTMENT—ABSENCE OF ERROR.—In a prosecution for criminal syndicalism, it was not error to consolidate an information charging the defendant with a violation of subdivision 3 of section 2 of the Criminal Syndicalism Act, with a later indictment presented against the defendant and seven others, in view of section 954 of the Penal Code, and of the fact that he was acquitted on the charge stated in the information.

[5] ID.—INDICTMENT—NAME OF ORGANIZATION—NAMES OF PERSONS INDUCED TO JOIN — UNNECESSARY ALLEGATIONS. — An indictment charging that the defendant "organized and assisted in organizing" a group of persons to advocate, teach, aid, and abet criminal syn-

dicalism, and that he "became a member of" such organization, is not insufficient for failure to allege the name of the organization or the names of those "induced to join."

[6] ID.—WORDS OF STATUTE—INSUFFICIENT COUNTS.—Counts in an indictment for criminal syndicalism pleading the words of the statute without specifying any particular circumstance to indicate to a person of common understanding what was intended are insufficient.

[7] ID.—EVIDENCE—PRINCIPLES OF I. W. W. ORGANIZATION.—Where in a prosecution for criminal syndicalism it was shown that the defendant stood in the position of one indorsing and advocating the tactics, program, and principles of the I. W. W. organization, it was proper to receive evidence showing the nature of such principles.

[8] ID.—CONSPIRACY—LIABILITY OF CONSPIRATORS — INSTRUCTION. — A requested instruction in such a prosecution to the effect that a conspirator is not liable for the acts committed by his fellow-conspirators during the life of the conspiracy in carrying out the conspiracy was properly refused as not being a sound proposition of law.

[9] ID.—RIGHTS OF LABOR UNIONS—INSTRUCTION.—A proposed instruction on the rights of labor unions was properly refused, as foreign to the issues.

[10] ID.—RIGHT TO SYMPATHIZE WITH BOLSHEVIKS—INSTRUCTION.— A requested instruction addressed to the right of the individual to sympathize with the Bolsheviks was properly refused.

APPEAL from a judgment of the Superior Court of Alameda County. James G. Quinn, Judge. Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

Wm. B. Cleary and Wm. F. Cleary for Appellant.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, Ezra W. Decoto, District Attorney, and John V. Calkins, Jr., Deputy District Attorney, for Respondent.

STURTEVANT, J.—This is a prosecution for criminal syndicalism. An information was presented against the defendant, J. G. Wieler, charging him with the violation of subdivision 3 of section 2 of chapter 188 of the Statutes of 1919, page 281. Later an indictment was presented against the defendant Wieler and seven others.

The defendant demanded to be tried separately on the indictment and his motion was granted; but thereafter, on motion of the prosecution, the action based on the information and the action based on the indictment were consolidated and the trial was had on the consolidated actions. The defendant was acquitted on the charge contained in the information, but was convicted on the charges contained in the indictment. He moved for a new trial, which motion was denied, and he has taken an appeal from the judgment of conviction and the order denying him a new trial. The points on which he bases his application for reversal are, (1) the statute of April 30, 1919, is unconstitutional; (2) the court erred in granting the motion to consolidate the two cases; (3) the court erred in overruling the defendant's demurrer; (4) the court erred in receiving over the objection of the defendant the documents and literature of the I. W. W., and books on syndicalism; (5) the court erred in receiving over the objection of the defendant evidence of the tactics, program, and principles of the I. W. W. organization; (6) the evidence was insufficient; (7) the court erred in denying defendant's motion to advise a verdict of not guilty when the people rested; (8) the court erred in failing to admonish the jury to disregard a part of the closing argument of the district attorney; and (9) the court erred in refusing to give instructions 9, 10, 12, 18, and 19, as requested by the defendant.

[1]    (1) Counsel for plaintiff points out that the act of April 30, 1919 (Stats. 1919, p. 281), and known as the criminal syndicalism law, penalizes certain acts done to accomplish an industrial or political change, but does not penalize the same acts if done for the purpose of maintaining and perpetuating the same industrial or political condition. In other words, the attack is that certain things could have been penalized which have not been penalized. The same identical argument was made in the case entitled *In re Miller*, 162 Cal. 687 [124 Pac. 427]. The court was considering the act of 1911 (page 437), forbidding the employment of women for more than eight hours and had in certain places. At page 697 of 162 Cal. [124 Pac. 430] the court says: ''The next objection is that the act is special because there are no reasons for making the restriction as

to the particular employments mentioned in the act which do not apply with equal force to other similar occupations. There may be, and probably are, other occupations followed by women which are equally injurious to their health, and which should also be regulated. But if this be true it does not make the law invalid. If there are good grounds for the classification made by the act, it is not void because it does not include every other class needing similar protection or regulation." (See, also, *State* v. *Hennessy*, 114 Wash. 351 [195 Pac. 211, 215].)

[2] Again, complaint is made that under the terms of the statute one could not destroy his own property without becoming amenable to the terms of the statute. Assuming for the purposes of this appeal that the statute may be so construed, the facts of this case present no such questions and those questions may be taken up when a case arises which involves such matters.

[3] In this same connection it is contended that the statute is void for indefiniteness. Counsel rests this objection on the fact that the statute does not define "crime," "unlawful method of terrorism," "terrorism," "justify," "change in industrial ownership or control," "political," etc. If any difficulty arises in the interpretation of the statute, and it becomes necessary to ascertain the meaning of those words, the decisions and code provisions contain numerous passages to assist the courts and there is no constitutional requirement that such rules be provided within the bounds of each particular statutory enactment. (*State* v. *Hennessy, supra*.)

[4] (2) The court did not err in ordering the case consolidated. Section 954 of the Penal Code expressly authorized the order. Furthermore, the defendant was acquitted on the charge stated in the information and if he ever had any cause of complaint the same fell to the ground with such acquittal. *Cummins* v. *People*, 4 Colo. App. 71 [34 Pac. 734], is no authority to the contrary. It was based on the Colorado statute that had been construed to mean that "with reference to felonies, that only one transaction can be embraced in a single indictment." That rule is the same rule that obtained in California before the amendment of 1915 (Stats. 1915, p. 744) to section 954 of our Penal Code. Before that amendment to our code, the

Cummins case might be said to be in point, but not since the amendment.

(3) *The Indictment.* The act approved April 30, 1919 (Stats. 1919, p. 281), in section 2 thereof, provides that a person is guilty of criminal syndicalism, (a) if he advocates it; (b) if he justifies it; (c) if he prints it; (d) if he becomes a member of a body of criminal syndicalists; or (e) if he practices criminal syndicalism. In this case the printing of it was covered by an information and the defendant was acquitted thereon. In the indictment the defendant and others were charged with each of the remaining classes of syndicalism, as above enumerated. Each class was the subject of a separate count. To each count, contained in the indictment, the defendant demurred. It should be stated that the indictment is the same instrument which a codefendant took to the supreme court. (*People* v. *Taylor*, 187 Cal. 378 [203 Pac. 85].)

[5] The first count charged that the defendant and others did "organize and assist in organizing, and were, are and knowingly became members of an organization, society, group and assemblage of persons organized and assembled to advocate, teach, aid and abet criminal syndicalism." The defendant complains that the pleading does not give a name to the organization such as Communist Labor Party. It was not necessary to a good pleading that a name be given to the conspiracy. Many conspiracies have no names. It is not to be presumed that every unlawful body necessarily has a name. Moreover, from the very beginning of the trial both counsel and the court at all times spoke of the name of the body, etc. The jurors were examined as to their knowledge of the Communist Labor Party, and the opening statement made by the prosecution was full and complete on the subject. It is contended, also, that the indictment does not name those "induced to join." Such element is no part of the statute—the statute does not refer to "inducing new members." The charge is that the defendant "became a member of," and that he "organized" the group. Those two acts were in violation of the terms of the statute. We think that count 1 was well pleaded and that it was not subject to the attack made by the defendant.

[6] The second, third, and fourth counts pleaded the words of the statute without specifying any particular cir-

cumstance to indicate to a person of common understanding what was intended. Each of those counts was insufficient and the demurrers should have been sustained. (*People v. Taylor, supra.*)

[7] (4) and (5) We have carefully read the record and we find no error whatever in the reception of evidence. The defendant, on November 9, 1919, stood in the position of one indorsing and advocating the tactics, program, and principles of the I. W. W. organization. Such being the fact, it was entirely proper to receive evidence showing what were the tactics, program, and principles of the I. W. W. organization. This much the trial court did and nothing more. The court did not err in receiving the evidence complained of. (*People v. Taylor, supra.*)

(6) The sufficiency of the evidence. If this were the first appeal based on the matters herein involved we would consider it necessary to state somewhat at length the evidence. But this appellant was a codefendant with, but tried separately from, John C. Taylor. In the case of *People v. Taylor, supra*, the evidence is set forth at length. It is sufficient to state that, in all material particulars, the evidence in this case was the same. The evidence was abundantly sufficient to support the verdict.

(7) When the prosecution had closed its case all of the evidence above mentioned had been introduced. When, thereafter, the defendant made a motion that the trial court should advise a verdict of not guilty, the trial court did not err in denying the motion.

(8) As appears above, the defendant and his associates had justified the tactics of the I. W. W., and the subject matter of the tactics of that organization was of the essence of the case of the prosecution. The committee on resolutions, of which the defendant was a member, brought in a resolution calling upon the government for the "release of each and every one now serving a sentence as a political or class war prisoner." In short, the evidence was the same as the evidence on which the defendant was convicted and which was considered by the court in *People v. Taylor, supra*. In his closing argument the district attorney referred to the Centralia Affair and to the Seattle Strike. To those references the counsel for the defendant objected and assigned the same as misconduct. Be this

as it may, considering the whole of the record in this connection, we are unable to reach the conclusion that the act of the district attorney was in any respect prejudicial to a fair and impartial trial.

(9) The court did not err in refusing defendant's proposed instruction No. 8. That instruction assumed that the Communist Labor Party was organized in Chicago; that thereafter the defendant joined in Oakland, and, therefore, that he did not assist in organizing a party that had already been organized. The fallacy in this contention rests in the various uses of the word "organize" and of the word "party." There was no evidence in the record that the Alameda branch of the party had been organized in Chicago.

Defendant's proposed instruction No. 9 was addressed to a fact not in evidence. The Criminal Syndicalism Act was passed April 30, 1919. The whole theory of the prosecution was that the defendant committed the acts charged against him on November 9, 1919—over six months after the passage of the act. No evidence whatever was tendered by the prosecution regarding acts of the defendant committed prior to the passage of the act.

[8] The defendant's proposed instruction No. 10 was not a sound proposition of law; it was to the effect that a conspirator is not liable for the acts committed by his fellow-conspirators during the life of the conspiracy in carrying out the conspiracy.

Defendant's proposed instruction No. 11 was not addressed to any set of facts brought out in the evidence. It was a statement in various ways to the effect that the defendant was not on trial and could not be convicted for the opinions which he held. As to what offense was on trial the court had carefully covered the subject affirmatively and it was not called upon to negative every other possible theory. Moreover, the trial court instructed the jury that the defendant could not be convicted because he held certain opinions.

[9] Defendant's proposed instruction No. 12 was a sociological dissertation but not the statement of a proposition of law. It was argumentative and dwelt at length on the rights of labor unions—a subject not in issue in this case.

The ruling of the trial court in refusing to give this identical instruction was affirmed in *People* v. *Taylor, supra.*

Instruction No. 17 was an attempt to define the word "willfully." It did not comply with the statute. (Pen. Code, sec. 7, subd. 1.) It is charged the trial court had instructed fully on the subject. Under chapter 188 of the Statutes of 1919 the word is a part of the offense set forth in counts 3 and 4 only of the indictment. As to the other counts it is not a necessary element. (*State* v. *Hennessy,* 114 Wash. 351 [195 Pac. 211].) In view of what we have written above concerning counts 3 and 4, it is unnecessary to discuss instructions not pertinent to the first count.

[10] Defendant's proposed instruction No. 18 was addressed to the right of the individual to sympathize with the Bolsheviks. There was no issue of that kind involved in the case, the prosecution had not made any claim to the contrary, and, as stated above, the trial court had fully and fairly instructed the jury on the issues that were before the court.

The judgment is affirmed as to the first count contained in the indictment, and it is reversed as to the second, third, and fourth counts.

Nourse, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 14, 1922.

All the Justices concurred.

Lennon, J., was absent and Richards J., *pro tem.*, was acting.