[Crim. No. 907. First Appellate District, Division One.—April 25, 1922.]

## THE PEOPLE, Respondent, v. CHARLOTTE A. WHITNEY, Appellant.

[1] CRIMINAL SYNDICALISM ACT—UNLAWFUL ORGANIZATION—NAME—SUFFICIENCY OF INFORMATION. — In a prosecution for an alleged violation of the provisions of the Criminal Syndicalism Act, an information charging that the defendant, at a specified time and place, "did then and there unlawfully, willfully, wrongfully and deliberately and feloniously organize and assist in organizing, and was, is, and knowingly became a member of an organization, society, group and assemblage of persons organized and assembled to advocate, teach, aid and abet criminal syndicalism," without specifically designating the name of the organization, sufficiently states a public offense.

[2] ID.—ORGANIZATION OF UNLAWFUL ASSEMBLAGE — EVIDENCE—VERDICT.—In this prosecution for an alleged violation of the provisions of the Criminal Syndicalism Act, the evidence showing the part taken by the defendant in organizing and assisting to organize the Communist Labor Party, as to which there was no dispute, and that she took a leading and active part in the subsequent meetings and acts of said organization, together with the evi-

---

2.  Validity of legislation directed against social or industrial propaganda deemed to be of a dangerous tendency, notes, 1 A. L. R. 336; 20 A. L. R. 1543.

dence as to the character and purposes of said organization, showing it to be within the class of organizations forbidden and condemned by the terms of the Criminal Syndicalism Act, was sufficient to justify her conviction upon the count of the information in which she was charged with having organized and assisted in organizing a group or assemblage of persons to teach, aid, and abet criminal syndicalism.

APPEAL from a judgment of the Superior Court of Alameda County. James G. Quinn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Nathan C. Coghlan, John Francis Neylan, J. E. Pemberton and William F. Herron for Appellant.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, Ezra W. Decoto, District Attorney, John W. Calkins, Assistant District Attorney, and Myron Harris, Deputy District Attorney, for Respondent.

RICHARDS, J.—This appeal is from a judgment of conviction of the defendant for the alleged violation of the provisions of the Criminal Syndicalism Act. The information filed by the district attorney against the defendant consisted of five separate counts based upon the several subdivisions of said act. The jury found the defendant guilty as to the first count in the information, but disagreed as to the other counts therein, and dismissals as to these were subsequently filed. [1] The charging part of the first count in said information upon which the conviction of the defendant was had is in the language of the statute and reads as follows:

"The said Charlotte A. Whitney prior to the time of filing this information, and on or about the 28th day of November A. D. nineteen hundred and nineteen, at the said County of Alameda, State of California, did then and there unlawfully, willfully, wrongfully, deliberately and feloniously organize and assist in organizing, and was, is, and knowingly became a member of an organization, society, group and assemblage of persons organized and assembled to advocate, teach, aid and abet criminal syndicalism."

The first contention of the appellant herein is that said first count in said indictment, of which the foregoing ex-

cerpt is the charging part, was insufficient to state a public offense, the alleged particular insufficiency therein being its omission to specifically designate the name of the organization, society, group, or assemblage of persons which she is charged with having organized and assisted in organizing and which were organized and assembled to teach, aid, and abet criminal syndicalism. Since the original submission of this cause the supreme court has decided the case of *People* v. *Taylor,* 187 Cal. 378 [203 Pac. 85], covering the precise point which the appellant urges upon this contention. The two cases are identical as to the form of the charge and as to the procedure with relation to the trial thereon in the trial court. In each case the defendant was fully advised upon the *voir dire* examination of the jurors and in the opening statement of the district attorney that the organization which the defendant was charged with having organized and assisted in organizing in violation of the terms of the Criminal Syndicalism Act was the Communist Labor Party of Oakland, a local branch of the Communist Party of California. This being so, we are bound in conformity with the decision in *People* v. *Taylor, supra,* to hold that the appellant's first contention is void of merit.

[2] The next contention which the appellant urges upon this appeal is that the evidence is insufficient to justify her conviction upon said count in the information. The record is voluminous and no useful purpose would be subserved by a detailed review of the evidence which it contains. Upon the main question, however, as to the part which the defendant took in organizing and assisting to organize the Communist Labor Party, there is no dispute. In the brief of the appellant upon this appeal it is stated to be an "admitted fact that the defendant became a member of the so-called Communist Labor Party, attended a party convention Nov. 9th, 1919, and was one of the committee on resolutions which reported the platform herein above set forth." In addition to the foregoing admission the evidence abundantly shows that the defendant not only took a leading and active part in the organization of the Oakland branch of the Communist Labor Party of California, but also in the subsequent meetings and acts of said organization. Notwithstanding this admission and these proofs,

the appellant insisted upon the trial of the cause and now insists that said organization was not of such character and purposes as to bring it within the class of organizations forbidden and condemned by the terms of the Criminal Syndicalism Act. It was upon this branch of the case that the larger part of the evidence adduced on behalf of the prosecution upon the trial of this cause was presented. It is the appellant's contention that the admission of a very large portion of such evidence designed to show the pernicious activities of other organizations with which the Communist Labor Party of California was affiliated, or regarding which, or the membership of which, it from time to time by resolution or otherwise expressed its approval and sympathy, was highly prejudicial to the defendant's case, particularly in view of the fact that as is claimed her knowledge of and participation in these baneful activities was not sufficiently shown. As to the propriety of the admission of such evidence as tending to show the character and purposes of the Communist Labor Party of California there can be no further doubt, in view of the very full discussion of this subject in the case of *People* v. *Taylor, supra,* and of the determination of the supreme court therein. As to the knowledge which the defendant had and of her participation in the aims, expressions, and activities of the Communist Labor Party of California there can also be no doubt, in view of the admitted intelligence of the defendant and of her participation in the drafting of the resolutions and formulation of the constitution of the organization itself. That this defendant did not realize that she was giving herself over to forms and expressions of disloyalty and was, to say the least of it, lending her presence and the influence of her character and position as a woman of refinement and culture to an organization whose purposes and sympathies savored of treason, is not only past belief but is a matter with which this court can have no concern, since it is one of the conclusive presumptions of our law that a guilty intent is presumed from the deliberate commission of an unlawful act. (Code Civ. Proc., sec. 1962.)

As to the appellant's only remaining contention with relation to the alleged misconduct of the district attorney upon the examination of a juror, we have examined the

record and do not find that the episode complained of was of such prejudicial character or consequence as to justify a reversal of the case.

Judgment affirmed.

Tyler, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 24, 1922.

Lawlor, J., and Lennon, J., dissented; Shurtleff, J., was absent.