[Crim. No. 2471. In Bank.—December 29, 1922.]

## THE PEOPLE, Respondent, v. HOWARD WELTON et al., Appellants.

[1] CRIMINAL LAW—PLEADING—SUFFICIENCY OF INFORMATION—MAN-
NER OF OBJECTION.—Under sections 1004 and 1012 of the Penal
Code, the objection that an indictment or information does not
substantially conform to the requirements of sections 950, 951
and 952 of the Penal Code is one which must be taken by
demurrer or else it is waived, while the objection that the facts
stated do not constitute a public offense is not waived by fail-
ure to demur, but may be taken at the trial under a plea
of not guilty or after the trial in arrest of the judgment.

[2] ID.—VIOLATION OF SYNDICALISM ACT—PRINTING AND CIRCULATING
LITERATURE—SPECIFICATION—INFORMATION—WAIVER.—In a prose-
cution for printing and circulating literature advocating crimi-
nal syndicalism, the failure of the information to particularly
describe the literature is not a defect of substance but of form
which should be urged upon demurrer, and where not done the
objection is waived under the express provisions of sections
1004, 1012 and 1185 of the Penal Code, and cannot be raised
for the first time upon motion in arrest of judgment.

[3] ID.—EVIDENCE—USE OF LITERATURE ON TRIAL—EFFECT OF.—
Where in such prosecution the district attorney in his opening
statement announced that the particular books, papers, pamphlets,
documents and written and printed matter advocating and ad-
vising criminal syndicalism and referred to in the information
were taken from the headquarters of the defendants at the
time of their arrest, and such literature was introduced in evi-
dence and identified without objection on the part of the de-
fendants, and later in the trial they read into the record ex-
tensive excerpts therefrom, no prejudice was suffered by the
failure of the information to particularly describe the same.

APPEAL from a judgment of the Superior Court of
Alameda County. George Samuels, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. F. Cleary and Wm. B. Cleary for Appellants.

U. S. Webb, Attorney-General, John H. Riordan, Deputy
Attorney-General, Ezra W. Decoto, Ralph E. Hoyt and
Chas. Wade Snook, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal prosecuted on behalf of all of the defendants from a judgment of conviction for the violation of certain of the provisions of the act of the legislature approved April 30, 1919, commonly known as the "Criminal Syndicalism Act." (Stats. 1919, p. 281.) The information in which the defendants were jointly charged embraced five counts charging a violation by the defendants of each of the five subdivisions of said act, each in the language of the act. No demurrer was interposed to the information in this form, but the defendants went to trial upon the general plea of not guilty. After a lengthy trial the jury returned a verdict finding the defendants not guilty upon the first four counts in said information, but guilty as charged in the fifth count thereof. The charging portion of the fifth count in said information was in the following form:

"The said Howard Welton, Michael J. Dunn, Patrick Casey, James McLaughlin, John Hannan and George Ryan, prior to the time ˙ of filing this information, and on or about the twenty-sixth day of June, A. D. nineteen hundred and twenty-one, at the said county of Alameda, State of California, did then and there unlawfully, wilfully, wrong-fully, deliberately and feloniously print, publish, edit, issue, circulate and publicly display books, papers, pamphlets, documents, posters and written and printed matter contain-ing and carrying written and printed advocacy, teaching and aid and abetment of and advising criminal syndicalism."

Upon motion in arrest of judgment the defendants for the first time urged "(3) that the said information or the fifth count thereof does not substantially conform to the require-ments of section 950 and 951 of the Penal Code; (4) that the said information, or the fifth count thereof, does not sub-stantially conform to the requirements of section 952 of the Penal Code, in that the particular circumstances of the offense are not alleged with certainty in the following particulars: (1) Count Five fails to set forth the words, language and matter either in their very words and lan-guage, or in the substance thereof, of the written and printed matter, magazines, pamphlets, documents and publica-tions, and which it is alleged contain and carry written and printed matter, advocating, teaching, aiding, abetting and advising criminal syndicalism; that the said count fails to

give the names, dates of issue or editions of said printed matter, magazines, pamphlets, documents and publications alleged therein; that the said count is not a statement of ultimate facts, but merely conclusions of law as to the nature and character of said written and printed matter, etc., alleged therein.'' The defendants' motion for a new trial and also their motion in arrest of judgment upon the foregoing grounds was denied by the trial court and the judgment upon conviction followed, from which judgment this appeal has been taken.

[1] The first contention presented by the defendants upon this appeal is that the information is fatally defective in the respects urged in their motion in arrest of judgment. Section 1185 of the Penal Code provides for a motion in arrest of the judgment and for the grounds on which said motion may be based. It reads in part as follows: ''It may be founded on any of the defects in the indictment or information mentioned in section 1004 unless the objection has been waived by a failure to demur.'' Section 1004 of the Penal Code provides for demurrer to the indictment or information on five separate grounds, the two of which are applicable to the instant situation, being subdivisions two and four thereof, which read as follows: '' (2) That it does not substantially conform to the requirements of sections 950, 951 and 952.'' '' (4) That the facts stated do not constitute a public offense.'' Section 1012 of the Penal Code reads as follows: ''When the objections mentioned in section 1004 appear on the face of the indictment or information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, or after the trial, in arrest of the judgment.'' It appears from the foregoing excerpts from the Penal Code that as to the two separate grounds of demurrer above referred to, the objection that the indictment or information does not substantially conform to the requirements of sections 950, 951 and 952 of the Penal Code is one which must be taken by demurrer and that it is waived if not so taken (*People* v. *Jim Ti,* 32 Cal. 60; *People* v. *Swenson,* 49 Cal. 388; *People* v. *Chuey Ying Git,* 100 Cal. 437 [34 Pac. 1080]; *People* v. *Ellenwood,* 119 Cal. 166 [51

Pac. 553]; *People* v. *Rodley,* 131 Cal. 240 [63 Pac. 351]);
while the objection that the facts stated do not constitute a
public offense is not waived by failure to demur but may be
taken at the trial under a plea of not guilty, or after the
trial, in arrest of the judgment. The information was, as we
have seen, as to those counts in the language of the statute.
In the early case of *People* v. *Saviers,* 14 Cal. 29, it was
held that where a statute introduces a new offense it will
be sufficient if the indictment described the offense in the
terms of the act. In the case of *Ackley* v. *United States,*
200 Fed. 217, 221 [118 C. C. A. 403], the rule is thus
stated:

"If the crime charged existed at common law, and is
denounced by name only by statute, then the indictment
must contain averments covering the common-law in-
gredients. If the crime is statutory, the indictment is suffi-
cient if the averments are in the language of the statute,
unless generic or general or common-law terms are used, in
which case the indictment must be more specific, so that a
defendant of ordinary understanding may comprehend what
is charged."

In the case of *People* v. *Cronin,* 34 Cal. 191, this court
upheld an indictment for murder in the language of the
statute, notwithstanding the rule of the common law that
the manner and means by which a homicide was committed
should be stated in the indictment, and in so doing said:

"The only reason assigned by the common law why the
manner and means by which the homicide was committed
should be stated in the indictment, was that the defendant
might be fully informed as to the case against him, and
thereby enabled to prepare for his defense. As we had
occasion to remark in the case of *People* v. *King,* 27 Cal.
510, this reason of the common law was but a flimsy pretext,
for if the defendant was guilty, he stood in no need of in-
formation as to the means by which he committed the crime,
and if not guilty, the information that he did the act in a
particular way, or by the use of particular means, could not
assist him in the preparation of his defense."

[2] The case of *People* v. *Cronin* has been generally fol-
lowed by this court in later decisions. (*People* v. *Murray,*
67 Cal. 103 [7 Pac. 178]; *People* v. *Giacamella,* 71 Cal. 48
[12 Pac. 302]; *People* v. *Rozelle,* 78 Cal. 84 [20 Pac. 36];

*People* v. *O'Brien,* 96 Cal. 171 [31 Pac. 45]; *People* v. *Frigerio,* 107 Cal. 151 [40 Pac. 107]; *People* v. *Page,* 116 Cal. 386 [48 Pac. 326]; *People* v. *Hunt,* 120 Cal. 281 [52 Pac. 658]; *People* v. *Witt,* 170 Cal. 104 [148 Pac. 928]; *People* v. *De Martini,* 25 Cal. App. 9 [142 Pac. 898]. See, also, *State* v. *Hennessy,* 114 Wash. 351 [195 Pac. 211].) In the light of these authorities it must be held that the defect in the information which the defendants for the first time point out in their motion in arrest of judgment was not a defect of substance, but of form, consisting in the absence of that particularity, which, in view of the peculiar nature of the offense might be necessary in order to enable the defendants to properly prepare for and make their defense. This being so it was such a defect as the defendants should have urged upon demurrer. Not having demurred to the information upon that ground the objection must be held to have been waived under the express provisions of sections 1185, 1004 and 1012 of the Penal Code. In making the contention that the information herein is fatally defective the appellants rely upon certain expressions of this court in the case of *People* v. *Taylor,* 187 Cal. 378 [203 Pac. 85], to the effect that an indictment or information charging a violation of this subdivision of the Criminal Syndicalism Act would be insufficient in the absence of a particular statement of the pamphlets, papers or other writings, or of their contents, the circulation of which was alleged to constitute a violation of the terms of said act. In that case, however, there was a demurrer to the indictment upon the ground that the same did not substantially conform to the requirements of sections 950, 951 and 952 of the Penal Code. In the case of *People* v. *Wieler,* 55 Cal. App. 687 [204 Pac. 410], upon which the appellants also rely, there was also a demurrer to the information upon the same ground. The other decisions by the courts of this state cited by the appellants as seeming to support a different rule were either cases of prosecutions for offenses sounding in fraud, which require a particular statement of the facts constituting the fraud under well-settled rules of pleading, or were libel cases wherein the statement of the particular words of the alleged libel is necessary in order to state the gravamen of the offense; or else are cases wherein demurrers were pre-

sented to the pleadings which were the subject of criticism upon appeal.

[3] There is another sufficient answer to the appellants' contention that they are entitled to take advantage of the alleged defect in the information herein upon this appeal. When the cause was called for trial the district attorney in his opening statement to the jury announced that the particular books, papers, pamphlets, documents and written and printed matter advocating and advising criminal syndicalism as defined in the statute and referred to in the information were the literature taken from the headquarters of the I. W. W. at the time of the arrest of the defendants and also, particularly that taken from the rooms of certain of the defendants immediately following their arrest. The first witness called by the prosecution was one of the arresting officers and he identified with much particularity this literature and the same was then introduced in evidence without any objection on the part of the defendants save and except an objection as to the method by which the prosecution had obtained certain portions of the said literature by what was claimed to have been an illegal search and seizure. The defendants not only did not object to the introduction of this literature at the inception of the trial of the cause upon the grounds stated in their motion in arrest of judgment, but later in the trial in making their defense they introduced and had read into the record extensive excerpts from said literature in their endeavor to show that it was not revolutionary in character. Under these circumstances it is clear that these defendants have suffered no prejudice by reason of the alleged defect in particularity in the information and that the cases of *People* v. *Taylor*, 187 Cal. 378 [203 Pac. 85], and *People* v. *Whitney*, 57 Cal. App. 449 [207 Pac. 698], with respect to the reversal of said causes upon appeal upon records substantially similar to that presented in the case at bar must be given full application to the instant case.

The only other contention of the appellants herein is that the evidence is insufficient to justify their conviction. We are entirely satisfied from an examination of the entire cause, including the evidence, that there is not only no merit in this contention, but that there has been no such miscarriage of justice as would entitle or permit this court to

set aside the judgment herein on account of the alleged error in the information.

The judgment is affirmed.

Shaw, C. J., Lennon, J., Waste, J., Sloane, J., and Lawlor, J., concurred.

WILBUR, J., Concurring.—I concur in the judgment upon the ground first stated in the opinion, namely, that in the absence of a demurrer the fifth count of the information stated an offense. I also concur in the conclusion that there was evidence sufficient to establish the commission of such offense. The evidence shows that certain literature was displayed at a meeting conducted by the Industrial Workers of the World upon a table at which the defendant Casey was seated. The defendants claim that the evidence is insufficient to establish the connection of the other defendants with such display. The evidence showed that the defendants were all furthering the meeting in question and that they were thus aiding and abetting Casey. It is true that the verdict is not strictly logical for the jury acquitted the defendants of the charge that they belonged to the Industrial Workers of the World, but for the purpose of determining whether or not the defendants all participated in the crime of displaying the literature in question, the jury were entitled to consider all the evidence before them tending to show that the defendants were co-operating together in the display and sale of the literature in question.

The defendants refused the aid of counsel in the trial court. They did not call upon the district attorney to elect the particular book, document or circular relied upon by him for conviction, but allowed the case to be presented to the jury both in the evidence and in the instructions without specification of the particular instrument or instruments relied upon by the prosecution to establish the general charge set forth in the fifth count of the information. They do not now complain of this failure of the district attorney to elect and the court to point out in its instructions the particular instrument relied upon to establish the defendants' guilt under the fifth count of the information. In view of the failure of the defendants to request any more definite specification by the district attorney or by the court in its instructions, the judgment must be affirmed.