[Crim. No. 1360. First Appellate District, Division Two.—July 29, 1927.]

THE PEOPLE, Respondent, v. ALFRED McKIM, Appellant.

Myron Harris and L. A. Sullivan for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

NOURSE, J.—The defendant was tried before a jury upon an information charging him with contributing to the delinquency of a minor child. From the judgment following the verdict of conviction and from the order denying his motion for a new trial he has appealed upon a typewritten record.

The information charged in the language of section 21 of the Juvenile Court Act that the defendant sold a quantity of intoxicating liquor to a minor of the age of sixteen years and that he thereby caused and tended to cause the said minor to come within the provisions of subdivisions 1 to 13, inclusive, of section 1 of the Juvenile Court Act, and thereby caused said minor to become a person coming within the provisions of the same subdivisions of section 1 of that act. The evidence disclosed that on the day named in the information the defendant, who was conducting a barber-shop in the city of Oakland, sold a quantity of whisky to the boy named in the information, who was at the time of the age of sixteen years; that this minor, in company with a boy friend, drank the liquor purchased from the defendant and became so intoxicated that he was unable to return to his home, but was taken into custody by the police officers after having slept the greater part of the night in a vacant lot. The testimony also showed that the minor had purchased intoxicating liquor from the defendant on several other occasions prior to the date charged in the information.

On this appeal the defendant has for the first time raised the question that the information failed to state a public offense. The point is that because the information charged a violation of section 21 of the Juvenile Court Act (Deering's General Laws of 1923, Act 3966) in the terms of that section and did not specify the particular element of delinquency covered by subdivisions 1 to 13 of section 1 of

that act it failed to state a public offense. The theory of the appellant is that the information is deficient because it did not substantially conform to the requirements of sections 950, 951, and 952 of the Penal Code. The complete and effective answer is that the information stated the acts alleged to have been done by the defendant and which, under the statute, constitute the offense charged and that any objection going to the failure of the information to specify the particulars in which the acts charged contributed to the delinquency of the minor was an objection which should have been taken by special demurrer to the information under section 1004, subdivision 2, of the Penal Code.

Where a party accused fails to demur upon any of the grounds mentioned in section 1004 the objection is to be deemed waived and cannot be presented for the first time on appeal. (*People* v. *Welton,* 190 Cal. 236, 240 [211 Pac. 802].)

Judgment and order affirmed.

Sturtevant, J., concurred.

Koford, P. J., being disqualified, did not participate herein.