[Crim. No. 76.   Third Appellate District.—October 31, 1908.]

## THE PEOPLE, Respondent, v. JUAN PEREZ, Appellant.

CRIMINAL LAW—ROBBERY—SENTENCE UNDER PLEA OF GUILTY—MOTION TO AVOID JUDGMENT FOR DURESS.—When it is claimed that a judgment, under a charge of robbery upon a plea of guilty, should be avoided on the ground that the plea of guilty was obtained by duress, the proper procedure is by motion supported by documentary or oral evidence or both. A confession of guilt obtained by duress is void, and cannot be the basis for a valid judgment.

ID.—ORDER DENYING MOTION—APPEAL.—An order denying such motion is appealable, as being an "order made after judgment affecting the substantial rights of the defendant," within section 1237 of the Penal Code.

ID.—AFFIRMANCE OF ORDER—VOLUNTARY PLEA.—*Held*, that the order should be affirmed on the ground that the evidence justified the court in believing that the plea of guilty was entirely voluntary, and that there was no support for defendant's claim of duress or coercion.

APPEAL from an order of the Superior Court of Merced County denying a motion to set aside a sentence upon a plea of guilty for alleged duress. E. M. Rector, Judge.

The facts are stated in the opinion of the court.

Ben Berry, for Appellant.

U. S. Webb, Attorney General, and J. Chas. Jones, for Respondent.

BURNETT, J.—Appellant pleaded guilty to the crime of robbery, and on March 23, 1907, he was sentenced to the

penitentiary for life. On the second day of March, 1908, he filed a petition in the lower court alleging that his plea of guilty was made while under duress, "in that subsequent to his arrest, and prior to the preliminary examination, and while incarcerated in the county jail, the sheriff represented to him that he was in immediate danger of mob violence, and the only way to escape the same was to plead guilty and be immediately taken to the penitentiary. That believing and acting solely upon said representations he did then and there consent to plead guilty to said charge of robbery."

On March 31, 1908, after notice given to the district attorney, counsel for petitioner moved the court to grant a writ of error *coram nobis* in accordance with the allegations and prayer of the petition. Affidavits in opposition to the motion were offered by the district attorney, which were received in evidence by the court over the objection and exception of petitioner, and from the order denying said motion the appeal has been taken.

It is claimed by respondent that no such proceeding is known to our practice as an application for the writ of "error *coram nobis*," but we need not discuss this technical phase of the question, as we consider the proceeding here equivalent to a motion that the court set aside the judgment and permit the defendant to withdraw his plea of guilty upon the ground that it was extorted from him by fear of violence. That such a motion is proper we entertain no doubt. A confession of guilt obtained by duress is void and cannot be the basis for a valid judgment. The statute does not expressly provide how the action of the trial court shall be invoked for the avoidance of such a judgment, but under the authorities it is clear that the proper procedure is by motion supported by documentary or oral evidence, or both.

Again, it is contended by the attorney general that no appeal lies from the order denying the motion, but in this we think respondent is in error, as this is an "order made after judgment affecting the substantial rights of the defendant." (Pen. Code, sec. 1237.)

The order should be affirmed, however, for the all-sufficient reason that the trial court was justified in believing that defendant's plea was entirely voluntary. The court was not bound to accept as true the statements of appellant in his petition, but it was its duty to ascertain the facts and act accord-

ingly. The affidavits of the sheriff and other witnesses are clear and complete to the effect that nothing whatever was said to appellant about mob violence, and that there was no support for his claim of coercion. No doubt, if appellant had desired to make a further showing, upon application, the court would have granted him permission, but from the record before us we must conclude that appellant committed a most atrocious crime, and that the judgment of the court is valid and must be upheld.

The order is affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 28, 1908.