[Crim. No. 2978. In Bank.—June 3, 1927.]

THE PEOPLE, Respondent, v. BERNARD SCHWARZ et al., Defendants; F. AMY WALLINGTON, Appellant.

[1] CRIMINAL LAW—ATTEMPTING TO INFLUENCE JUROR—APPEAL.—In a prosecution for attempting to influence a juror in respect to his verdict, where an appeal from the judgment is not taken orally at the time of the entry thereof, or within two days thereafter, it is abortive and must be disregarded.

[2] ID.—ORDER REFUSING TO VACATE JUDGMENT—DEFECTIVE INDICTMENT—FAILURE TO DEMUR OR MOVE IN ARREST OF JUDGMENT—APPEAL.—In this prosecution for an attempt to influence a juror in his verdict, an appeal from an order refusing to vacate and set aside the judgment upon the ground that the indictment failed to state a public offense cannot avail the appellant, under the record, as she failed to test the sufficiency of the indictment by demurrer or by motion in arrest of judgment.

[3] ID.—REFUSAL OF RIGHT TO CHANGE PLEA—APPEALABLE ORDER.—In such a case, an order refusing to vacate the judgment and

2. See 14 Cal. Jur. 70.
3. See 8 Cal. Jur. 495.

refusing to defendant the right to withdraw a plea of guilty and re-enter a plea of not guilty, is an appealable order.

[4] ID.—SETTING ASIDE JUDGMENT—DEPRIVAL OF SUBSTANTIAL RIGHTS OF DEFENDANT.—In such a case, the appellate courts have the right to reverse an order made after judgment, which denied a motion to vacate the judgment and to grant permission to defendant to withdraw her plea of guilty, with the right to take such action as she might be advised without hindrance by said former plea, where the facts fully warrant the conclusion that substantial rights of defendant have been taken away from her without an opportunity for a hearing on the merits, and this by those persons charged with the enforcement of the law.

[5] ID.—DURESS OR FRAUD—DEPRIVAL OF TRIAL ON MERITS—RELIEF.— It is now well settled in this state that, where on account of duress, fraud, or other fact overreaching the free will and judgment of a defendant, he is deprived of the right of a trial on the merits, the court in which he was sentenced may, after judgment and after the time for appeal has passed, if a properly supported motion is seasonably made, grant him the privilege of withdrawing his plea of guilty and of reassuming the situation occupied by him before a plea of any kind was entered; but where statutory remedies are provided this method of relief may not be resorted to, and this exceptional remedy applies only where no trial has been had on the merits and only upon a strong and convincing showing of the deprivation of legal rights by extrinsic causes.

---

(1) 17 C. J., p. 95, n. 48.   (2) 17 C. J., p. 72, n. 74.   (3) 17 C. J., p. 33, n. 30.   (4) 16 C. J., p. 398, n. 8.   (5) 16 C. J., p. 398, n. 10, p. 399, n. 17.

APPEALS from a judgment of the Superior Court of Los Angeles County and from orders denying motion to set aside judgment and leave to change plea, appeal from judgment dismissed, appeal from first order confirmed; second order reversed. Charles S. Burnell, Judge.

The facts are stated in the opinion of the court.

Max Schleimer for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and Warner I. Praul for Respondent.

---

4. Right of accused to withdraw plea of guilty, notes, 8 Ann. Cas. 237; 16 Ann. Cas. 973; Ann. Cas. 1912D, 243. See, also, 8 R. C. L. 111; 7 Cal. Jur. 1000.

PRESTON, J.—Appellant and one Bernard Schwarz were, on April 7, 1925, jointly indicted under the provisions of section 95 of the Penal Code, the indictment alleging that they did " . . . wilfully, unlawfully, feloniously and corruptly attempt to influence the said juror (naming him), in respect to his verdict, opinion and decision as such juror therein, by an oral communication then and there made to him . . . "

On June 22, 1925, the defendant Schwarz pleaded guilty to count one of said indictment and received in punishment a fine to the extent of $250, the second count being accordingly dismissed. Appellant was arrested on December 7, 1925. On December 10, 1925, she regularly entered her plea of not guilty to the indictment. On February 3, 1926, she changed her plea from not guilty to guilty, and applied for probation, which application was denied on March 25, 1926, and judgment of conviction was entered against her on said date. On March 29, 1926, four days afterward, she gave notice of appeal from said judgment. On April 1, 1926, she presented a motion to the superior court to set aside the judgment and sentence on the ground that the court was without jurisdiction to impose the judgment, asserting that the indictment did not state a public offense. This motion the court denied on April 5, 1926. Thereupon, in open court on said day, appellant gave notice of appeal from said order denying said motion. On April 9, 1926, appellant made application to the court, based upon a proper affidavit, for an order setting aside the judgment and granting her permission to withdraw her plea of guilty and to plead not guilty to the indictment upon the ground that she had been induced to change her plea from not guilty to guilty under duress and fraud.

The court denied this motion out of hand and, evidently thinking it was a repetition of the proceeding which ended in the order of April 5, 1926, ruled as follows: "This application was heretofore made to Dept. 21 and after argument denied on April 5, 1926. Its attempted presentment to the presiding judge is a violation of Rule 35 and contemptuous. It is refused. Burnell, Judge."

[1] The appeal from the judgment not having been taken orally at the time of the entry thereof, or within

two days thereafter, was abortive and must be disregarded. (Pen. Code, sec. 1239.)

[2] The appeal from the order refusing to vacate and set aside the judgment upon the ground that the indictment failed to state a public offense was taken in time, but, under the state of the record, this contention will not avail the appellant, as she failed to test the sufficiency of the indictment by demurrer or by motion in arrest of judgment (*People* v. *Welton,* 190 Cal. 236–238 [211 Pac. 802]). "The case is one of an imperfect allegation of a material fact rather than of a total failure to set forth a material element." (*People* v. *Fuski,* 49 Cal. App. 7 [192 Pac. 552]; *People* v. *Griesheimer,* 176 Cal. 44 [167 Pac. 521]; *People* v. *Votaw,* 38 Cal. App. 714, 718 [177 Pac. 485]; *People* v. *Hinshaw,* 194 Cal. 1, 23 [227 Pac. 156].)

[3] The appeal, however, from the order refusing to vacate the judgment and refusing to defendant the right to withdraw her plea of guilty and re-enter her plea of not guilty was taken in time and said order was appealable (8 Cal. Jur. 494, sec. 509; *People* v. *Perez,* 9 Cal. App. 265 [98 Pac. 870]). The record shows the grounds upon which said motion was based to be substantially as follows:

That appellant was a stenographer in the employ of her co-defendant, Bernard Schwarz; that at the time mentioned in the indictment and at the instigation of said Schwarz and one Miller, she was induced to approach a juror during the progress of a criminal trial, in which Schwarz and others were defendants, and to say to said juror in effect that all the defendants were human; that the judge was showing prejudice against them by his rulings, and she wanted them to have a square deal. By the second count of the indictment she was accused of making similar statements to a second juror in the same cause. The juror or jurors reported the matter to the trial court and the subject was taken up by the office of the district attorney with the grand jury. It appears that neither the deputy district attorney in charge of the matter nor the grand jury intended that the defendant be prosecuted, but planned that her indictment along with that of her co-defendant would be the means of inducing her to tell what she knew about the first case, the criminal case against Schwarz, Doan, et al., and she could also be used as a witness for the prose-

cution against Schwarz in the second case, in return for which she would be granted immunity. With this purpose in mind the indictment was obtained. Appellant was evading arrest for some time thereafter. Meanwhile, the defendant Schwarz was permitted to plead guilty and received as a punishment only a fine of $250.

Finally, however, Mr. A. M. Williams, chairman of the criminal complaints committee of the grand jury, with the full knowledge and consent of the deputy district attorney in charge of said matter, induced appellant, through her attorney, to surrender to the law, with the idea of using her testimony as above set forth, and with the assurance that she would receive in return either out and out immunity or, at most, no greater punishment than had been received by Schwarz in the same cause. Appellant did return and surrender herself and at first entered a plea of not guilty. Later, while these promises were still held out to her, she was taken before the district attorney, to whom she made a complete statement. It was shown from her testimony that she did not really know anything about the first case, and had merely acted through a false sense of loyalty to her employer, who had worked upon her sympathies to further his own ends. No complaint is made that she did not fully disclose all facts within her knowledge. Neither was anything said at any time indicating a change of policy on the part of the prosecution officers.

Following this interview appellant withdrew her plea of not guilty and entered a plea of guilty, making application for probation. Probation was denied her by the court, who had before him all of the foregoing facts. He not only imposed a penitentiary sentence for the time prescribed by law, but also recommended that parole be withheld for the period of three years, and this in the face of the fact that appellant's co-defendant and employer, who without doubt was the guiding spirit in the matter, had been allowed to go with a mere fine of $250.

[4] The question here presented is, May we interfere to reverse an order made after judgment, which denied a motion to vacate the judgment and to grant permission to defendant to withdraw her plea of guilty, with the right to take such action as she might be advised without hindrance by said former plea? The facts as alleged fully

warrant the conclusion that substantial rights of the defendant have been taken away from her without an opportunity for a hearing on the merits, and this by those persons charged with the enforcement of the law. While no personal blame may attach to anyone connected with the matter, yet, if said allegations be true, the failure of the court to adopt the covenants made by the district attorney and grand jury with defendant amounted in legal effect to the absorption of her legal rights by at least legal fraud. Certainly in such case it can be truthfully said that on account of the conduct of those in charge of her prosecution she surrendered valuable legal rights under a misapprehension of the situation.

Too much may not be done to purify and keep pure the administration of justice. If a defendant could not rely upon a covenant made with her by the head of the committee of the grand jury and the office of the district attorney, then indeed would our whole system of legal procedure be brought under the cloud of suspicion. It is far better that one woman go unpunished than that it be said that the officers of the law in charge of the prosecution of crimes may play fast and loose with their promises to defendants under indictment. Precedent for procedure for relief under these circumstances, where the facts warrant it, is found in the following cases: *People* v. *Perez,* 9 Cal. App. 265 [98 Pac. 870]; *People* v. *Mooney,* 178 Cal. 525, 529 [174 Pac. 325]; *People* v. *Reid,* 195 Cal. 249 [36 A. L. R. 1435, 232 Pac. 457].

[5] It may be stated from the above authorities that it is now well settled in this state that where on account of duress, fraud, or other fact overreaching the free will and judgment of a defendant he is deprived of the right of a trial on the merits, the court in which he was sentenced may after judgment and after the time for appeal has passed, if a properly supported motion is seasonably made, grant him the privilege of withdrawing his plea of guilty and of reassuming the situation occupied by him before a plea of any kind was entered. It should be noted, however, that where statutory remedies are provided this method of relief may not be resorted to, and that this exceptional remedy applies only where no trial has been had

on the merits and only upon a strong and convincing show-ing of the deprivation of legal rights by extrinsic causes.

The case of *People* v. *Miller*, 114 Cal. 10, 16 [45 Pac. 986], it is said, supports the action of the trial court, but it is not in the same category with the case before us as to the facts thereof. There the defendant was led by the advice of his counsel to believe that he would get less pun-ishment if he changed his plea to guilty than he would re-ceive if he stood trial and was convicted. In this hope, however, he was disappointed. The court rightly held that with full knowledge of the consequences which might follow he should not be permitted to speculate upon the action of the court. But even in that case the court said: "The law seeks no unfair advantage over a defendant, but is watchful to see that the proceedings under which his life or liberty is at stake shall be fairly and impartially conducted. It holds in contemplation his natural distress, and is consider-ate in viewing the motives which may influence him to take one or another course. Therefore, it will permit a plea of guilty to be withdrawn if it fairly appears that defendant was in ignorance of his rights and of the consequences of his act, or was unduly and improperly influenced either by hope or fear in the making of it."

Neither is *People* v. *Lennox*, 67 Cal. 113 [7 Pac. 260], a parallel case, for there the defendant relied upon the mere expressed opinion of the deputy sheriff and his attorney as to the prospects for leniency. But neither of these persons was identified in any way with the policy that obtains in the prosecution of criminal cases.

Had the district attorney in either of the above cited cases, in consideration of the promise of immunity, received a full statement or confession from the defendant, and the defendant, relying upon such promise, entered a plea of guilty, which the court refused to permit him to change, this court doubtless would have given defendant speedy relief in both cases.

The purported appeal from the judgment is dismissed. The order of April 5th is affirmed. The order of April 9, 1926, denying the motion to vacate the judgment and grant permission to withdraw plea is reversed and the cause is remanded to the court below with directions to entertain said motion, and if the material allegations made in sup-

port thereof are sustained, to accord to said defendant the right to withdraw said plea of guilty, and for such further proceedings not inconsistent with this opinion as may seem meet and proper.

Waste, C. J., Langdon, J., Curtis, J., Richards, J., Seawell, J., and Shenk, J., concurred.