[Crim. No. 1762. Second Appellate District, Division One.—February 19, 1929.]

THE PEOPLE, Respondent, v. F. L. GRANT, Appellant.

Joseph Seymour for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

YORK, J.— The only appeal we can consider in this case is the appeal from the order of the court denying the defendant's application to vacate and set aside its judgment, and his application for leave to withdraw his plea of guilty, which application was made by defendant after judgment on his plea of guilty and after the judgment of the trial court sentencing him to serve in the penitentiary. That such an appeal will lie is directly supported by the decision of our supreme court in the case of *People* v. *Schwarz and Walling-ton,* dated June 3, 1927, 201 Cal. 309 [257 Pac. 71].

 In support of this application it appears that defendant contends that his plea of guilty was induced by his being informed by his counsel, in the presence of and by ostensible authority of a representative of the district attorney's office, that the sentence would be "from one Dollar up." After the plea of guilty, the defendant was sentenced to imprisonment in the state prison by the trial court. This was done by the trial court without any evidence whatsoever as to the gravity of the offense actually committed in order to determine whether the punishment should be by imprisonment in the penitentiary or county jail or by a mere fine, and nothing to found the sentence upon, except only the plea of guilty, as aforesaid, made under the impression that punishment would not be severe. The defendant made a motion to withdraw the plea of guilty on the ground, among others, that it was made without due deliberation and merely from the hope that the punishment would be "litigated," which we interpret as being that the trial court, when imposing sentence, would make due inquiry into the facts of the case, but the punishment was imposed without any due inquiry by the court, unless we can consider that the court considered in this matter the report of a probation officer, which formed no part of the proceedings to set aside the judgment, and if it had been so offered and received in

the form in which it was offered, the larger portion of it would have been merely hearsay evidence.

The defendant did not have an opportunity to investigate the source of the probation officer's inquiry, but he did deny, under oath, the conclusions reached by the probation officer, at least as to anything that would affect the court in deciding the extent of his punishment.

It sufficiently appears by the showing made by the defendant that he had never been charged with a criminal offense before, and it was stipulated before the hearing of this motion that all of the facts stated in defendant's affidavit in support of his motion were true, which facts establish that defendant was not guilty, as charged in the information, and if guilty at all, he was guilty of only a minor technical offense therein included, on the conviction of which minor offense, he would most certainly not have been imprisoned in the penitentiary.

It appears that justice demands that defendant should not, on the face of these proceedings, be subjected to the imprisonment imposed upon him, and that the trial judge abused his discretion in refusing him a hearing after his plea of guilty, for the purpose, at least, of determining the gravity of the offense.

The order denying the defendant leave to withdraw his plea of guilty is reversed, and it is ordered that the defendant, if he be so advised, be allowed to enter a plea of not guilty to the information to which his plea was made.

Houser, Acting P. J., and Crail, J., *pro. tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 1, 1929, and the following opinion then rendered thereon:

YORK, J.—The petition for rehearing filed herein by the attorney-general is denied.

The facts and circumstances of the particular case, as we view them, were much more harsh and more advantage was taken of the defendant than in the case of Wallington, reported in *People* v. *Schwarz and Wallington*, 201 Cal. 309 [257 Pac. 71].

From the record in the instant case, we assume that the representative of the district attorney's office was Mr. Red-

wine, a deputy district attorney, because immediately upon the occurrence referred to, he appeared for the district attorney's office in the matter of accepting the plea, which was obtained immediately after the statement "from one dollar up" was made.

We do not intend to enlarge and we do not believe that we have enlarged the scope of the case of *People* v. *Schwarz and Wallington, supra.* In that case the defendant was guilty of a very serious crime, and her punishment therefor, in comparison with that of defendant herein, was a very mild punishment for the crime committed. In the instant case, the only crime committed by the defendant, under the admitted facts, was that he failed to give the number of his automobile after he had seen one of the parties in the other car write down the correct number of his car, which was called out to him by the only other occupant of the car, it being probably a violation of the Vehicle Act of California (Stats. 1923, p. 517, as amended), as it reads, for defendant not to have given the number to both of them in accordance with the strict technical wording of that act. We cannot see how this is comparable in any way with the crime charged against defendant Wallington in *People* v. *Schwarz and Wallington, supra.*

In the instant case, this court held that under the facts and circumstances of the case, where, as shown by the admitted facts, the defendant was not guilty as charged in the information, but was only guilty, if at all, of a minor technical offense under the Vehicle Act, *and* where a *wide* discretion was vested in the trial court of fixing the punishment from one dollar up to five years in the penitentiary, that in order to exercise sound discretion or any *legal* discretion at all, it was necessary that the trial court should make *some* inquiry of *some* kind into the *facts* surrounding the commission of the offense. This not having been done by the trial court in the instant case, it is ordered that the order of the trial court refusing to set aside and vacate the judgment herein be, and is hereby reversed, and the order refusing to allow the defendant to withdraw his plea of guilty and plead not guilty is hereby ordered reversed in accordance with our decision heretofore rendered herein.

Houser, Acting P. J., and Crail, J., *pro tem.,* concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 21, 1929.

All the Justices present concurred.