[Crim. No. 26. Fourth Appellate District.—May 21, 1930.]

THE PEOPLE, Respondent, v. FRANK SMINK et al., Appellants.

Joseph W. Ryan and Frank J. Ryan for Appellants.

U. S. Webb, Attorney-General, James S. Howie, Deputy Attorney-General, Albert Ford, District Attorney, and W. Earl Redwine, Deputy District Attorney, for Respondent.

BARNARD, Acting P. J.—Each of the defendants herein was accused under a separate information filed by the district attorney of Riverside County of the commission of a felony, to wit, violation of section 288a of the Penal Code, committed as set forth in the respective informations. There was also a third defendant who has not appealed. Each information was filed on February 7, 1930. Each defendant was separately arraigned in the Superior Court of Riverside County on the same day, February 7, 1930. The record shows that each defendant was furnished with a copy of the information. With reference to representation by an attorney, the record shows the following as to the two appellants:

"The Court: Are you represented by an attorney?

"Mr. Smink: No, sir.

"The Court: Do you desire time to procure an attorney, or for the court to appoint an attorney, or to proceed without an attorney?

"Mr. Smink: I am sorry, but I did not hear just what you said.

"The Court: "Do you desire time to procure an attorney, or for the court to appoint an attorney, or to proceed without an attorney?

"Mr. Smink: I will proceed without a lawyer.

"The Court: Let the record show that the defendant waives an attorney. You may proceed with the arraignment, Mr. Clerk."

"The Court: Are you represented by an attorney?

"Mr. McDonald: No, sir.

"The Court: Do you desire the court to appoint an attorney for you or to proceed without an attorney?

"Mr. McDonald: Proceed without one.

"The Court: Let the record show that the defendant desires to proceed without an attorney. You may proceed with the arraignment, Mr. Clerk."

Each defendant was then arraigned, and each pleaded "guilty." After the arraignment the record shows the following, in reference to the time of pronouncing judgment:

"The Court: I will ask all three of you to arise. Mr. McDonald, Mr. Smink and Mr. Anker, the court cannot pronounce judgment upon you in less than two nor more than five days unless you waive time. Do you desire to waive time and have judgment pronounced now, or to wait for at least two days? Do you understand what I mean?

"Mr. McDonald: No, sir.

"The Court: The court cannot pronounce judgment upon you unless you waive time. If you want judgment pronounced on you at this time, it will be necessary for you to waive the time. The defendant can waive that time and have judgment pronounced at once.

"Mr. McDonald: If we had judgment, would we get out on bond?

"The Court: That is a different matter entirely. It is just a question of whether you want the court to pronounce judgment at this time or Monday.

"Mr. McDonald: Yes, sir, I will waive it.

"The Court: Mr. Smink, do you want to waive the time and have judgment now?

"Mr. Smink: I will take judgment now.

"The Court: Mr. Anker, do you want to waive the time and have judgment now?

"Mr. Anker: I will take judgment now.

"The Court: Mr. McDonald, do you want judgment pronounced now?

"Mr. McDonald: Yes, sir.

The defendants were then separately arraigned for judgment. Thereafter, the district attorney made a lengthy statement concerning the circumstances surrounding the commission of the crimes. Following that the court asked: "Is there anything that any of you young men want to say?" Defendant McDonald replied: "It has been a lesson to us. We are changed. Things were not exaggerated a bit. It is mostly true, but I am sure it will never happen again." The court proceeded to pronounce judgment and sentenced the defendants to imprisonment in the state penitentiary.

On February 10, 1930, defendants Smink and McDonald again appeared in court with an attorney. A motion was made in behalf of each of these defendants to set aside the judgment of conviction and the sentence and for permission to withdraw the former plea of guilty and enter a plea of

"not guilty." On the theory that the court was without right to pass judgment on February 7, 1930, additional motions for new trials were made on the ground that new evidence had been discovered, material to the defendants, which could not, with diligence, have been found prior to their appearance in the Superior Court. In presenting these motions, counsel for defendants made a long statement of circumstances in connection with these cases from the time of the arrest of the defendants, up to and including the proceedings in the Superior Court, on February 7, 1930, based upon representations he said had been made to him. At the close of his statement and argument counsel for defendants requested permission to be allowed to file affidavits or make proof. This request was denied by the court and thereupon the court denied the motions for new trials and the motions to set aside the judgments and permit changes of plea. Each defendant has appealed from the orders denying both of said motions.

■ There was no error in refusing to grant the motions for new trials. These motions were made on February 10, 1930, three days after the date on which judgment was pronounced. Section 1182 of the Penal Code provides: "The application for a new trial must be made ·before judgment, and the order granting or denying the same must be immediately entered by the clerk in the minutes." ■ Not only that, but no showing was made to justify the granting of the new trial. Section 1181 of the Penal Code provides in part:

"When new evidence is discovered material to the defendant, and which he could not, with reasonable diligence, have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as, under all the circumstances of the case, may seem reasonable."

The newly discovered evidence contemplated under section 1181 is evidence material to the question of guilt of the defendant. Not only did each of the defendants fail to

support the motion with affidavits of the witnesses whose evidence was expected to be given, but no time was requested for the purpose of securing such affidavits. The only request for time for producing affidavits or making proof was made in connection with the statements made by counsel in support of his motion to change the plea in each case, all of which related to events subsequent to the arrest of the defendants. No statement was made therein of any matter or thing going to the guilt or innocence of the defendants. Not only was no proof presented at that time, and no proper request for time within which to prepare affidavits so far as the motion for new trial is concerned, but counsel neither named any witness nor set forth any expected evidence which would have been material to the question of guilt or innocence of either of the defendants. Under such circumstances, the motion for new trial was properly denied.

Appellants urge that the court committed prejudicial error in refusing to permit them to withdraw their pleas of guilty and substitute therefor pleas of not guilty. Section 1018 of the Penal Code provides that the court may, at any time before judgment, permit a plea of guilty to be withdrawn and a plea of not guilty substituted. It has, however, been held in a number of cases that the court has the power to permit this change of plea after judgment has been pronounced, and should exercise the same where a sufficiently strong showing is made. Permission to so change a plea is ordinarily within the discretion of the trial court, and its action will not be disturbed unless an abuse of discretion clearly appears. (*People* v. *Manriquez,* 188 Cal. 602 [20 A. L. R. 1441, 206 Pac. 63, 65]; *People* v. *Bostic,* 167 Cal. 754 [141 Pac. 380, 383].) In *People* v. *Schwarz,* 201 Cal. 309 [257 Pac. 71, 73], the court said:

"It may be stated from the above authorities that it is now well settled in this state that where on account of duress, fraud, or other fact overreaching the free will and judgment of a defendant he is deprived of the right of a trial on the merits, the court in which he was sentenced may after judgment and after the time for appeal has passed, if a properly supported motion is seasonably made, grant him the privilege of withdrawing his plea of guilty and of reassuming the situation occupied by him before a plea of any kind was entered. It should be noted, however, that

where statutory remedies are provided this method of relief may not be resorted to, and that this exceptional remedy applies only where no trial has been had on the merits and only upon a strong and convincing showing of the depriva- tion of legal rights by extrinsic causes.''

In that case it was held that where a defendant made a full statement or confession to a district attorney, in con- sideration of a promise of immunity and later entered a plea of guilty in reliance upon that agreement, and where the agreement was not kept, it was the duty of the court to permit him to change his plea. A similar holding is found in *People* v. *Grant,* 97 Cal. App. 60 [274 Pac. 1005], and the same case in 275 Pac. 838. In that case, not only was such a definite promise made, but it was shown that under the admitted facts the defendant was not guilty as charged in the information, and if guilty at all, was guilty of a minor offense under the Motor Vehicle Act (Stats. 1923, p. 517). His only offense had consisted in failing to give the number of his automobile to two parties in another car, although he had seen one of these parties write down the correct number, which was called out to him by the only other occupant of the car. With these rules of law in mind, we will examine the various contentions of appellants under which they claim to come within such rules.

Several of these contentions may be grouped under the general statement that the court failed to properly ad- vise the appellants of their legal rights, that they acted without legal advice, and that they did not understand the legal consequences of the pleas entered by them. We think there is no merit in this contention. In *People* v. *Bostic, supra,* the court said:

''There was a substantial compliance with section 987 of the Penal Code when the defendant was taken into court for arraignment. While he was not informed in the exact lan- guage of the statute that he was entitled to have the aid of counsel 'before being arraigned,' he was told that the court was ready to appoint a legal adviser who would serve without compensation. He had not then been arraigned and the court's readiness to appoint counsel then was sufficient notice to him that he was entitled, if he so wished, to the aid of counsel at all stages of the prosecution against him. The court explained with scrupulous care that he might

have two days between arraignment and plea if he so desired. No advantage was taken of him and he was given every fair opportunity allowed by statute for obtaining legal advice and for time to deliberate upon the course to be pursued by him.''

In the instant case we think there was also a substantial compliance with the law. The court asked each defendant if they desired to have an attorney appointed for them, or to proceed without an attorney. Each defendant stated positively and clearly that he would proceed without a lawyer. The court also clearly explained to each defendant that he was entitled to wait at least two days before having judgment pronounced, and each defendant stated his willingness to have judgment pronounced at once. We think that the record, as heretofore quoted, is sufficient to establish not only that these matters were clearly stated to the appellants, but that they understood the same. It is true, of course, that they were not told exactly what the punishment would be, but there is no law requiring this. The record shows that the defendant Smink was thirty-four years of age, had spent three years at Lehigh University, and at the time of the commission of the crime was engaged in business at Palm Springs. It further shows that the defendant McDonald was twenty-one years of age and a partner in business with Smink at Palm Springs. The answers of each defendant show that they understood what they were doing.

''But where, as in this case, the plea of guilty was made and entered under circumstances which showed that the accused person was neither surprised nor cajoled, we cannot say that the discretion vested in the trial court under section 1018 of the Penal Code was abused. The court must be upheld in the exercise of such sound discretion unless abuse of discretion is clearly shown.'' (*People* v. *Bostic, supra.*)

■ Closely allied with this contention is the next one that appellant Smink is deaf and was unable to hear and understand the court. The evidence above set forth sufficiently refutes this argument.

■ It is next urged that the appellants were misled by the deputy district attorney and induced to plead guilty by his representations that they would be released. It may first be noted that this claim relates only to appellant McDonald. The record shows no claim that any such representation was

made by the district attorney to defendant Smink. We are of the opinion, however, that nothing is shown by the record to bring appellant McDonald within the rules laid down in the cases above cited. Counsel for the defendants in arguing the motion orally stated to the court his version of the surrounding circumstances. In his argument counsel told the trial court that what he said to the court was based upon what had been told him by Smink; that Smink was told by a deputy district attorney that McDonald had made a confession regarding the charges against Smink; that Smink then denied everything; that later McDonald was told by the deputy district attorney that Smink had made a complete statement involving him, McDonald, in the matters charged in the information, and that thereafter McDonald made a declaration and statement. Counsel then went on to say that the deputy district attorney told McDonald that he was desirous of learning certain facts and conditions then existent in Palm Springs and that after he, McDonald, had made a declaration and statement, that is all there would be to the matter. In making this statement to the court, after describing the conferences between appellants and the deputy district attorney, above referred to, counsel said to the court: "That the district attorney at the time did not inform either defendant by word or by act, counsel or otherwise, that his official capacity was that of a prosecuting officer." If no word or act of the district attorney disclosed that he was acting in an official capacity, how can it be claimed that he made an official agreement? Nothing more than this exists to support the claim of an agreement of immunity. Apparently counsel did not consider it as such when he argued the motion in the trial court, as he then said: "I do not state that Mr. Redwine held any inducements or promises other than the inference that the defendant might draw; no inducement specific in form or character was made to him." Nowhere in the record is there any claim that McDonald ever said or would say that any such statement was made to him by the deputy district attorney, or by anyone else. It appears only in the oral statement of counsel, who stated that he made it on the representation of Smink, and under no circumstances would it be more than hearsay. So far as appears from counsel's statement to the trial court, it also appears that this statement was

made by the deputy district attorney, after McDonald had already made his declaration and statement. Subsequently, each appellant admitted his guilt in open court. If the facts contained in counsel's statement to the court, without additions, had been properly presented to the court, they would have fallen far short of furnishing proof of an agreement within the rules above cited. ■ The action of the court in the respect complained of may not be set aside except upon clear and convincing proof, and it requires something more than hearsay evidence of a vague and indefinite statement, apparently made after the confession, to comply with the rules above set forth.

■ Nor was there a proper offer of proof in any event. In asking permission of the court to be allowed to furnish proof in support of the motion, counsel for appellants stated: "My representation is based upon a motion with the right and permission to file the necessary affidavits to support the motion or the right to take oral testimony in court, under oath, of the respective witnesses whom I see fit to call." In making his request, counsel neither disclosed to the court what facts he proposed to show, what witnesses he would bring, nor what their evidence would be, and no information was furnished to the court by which it could tell whether or not any proof desired to be made was material or important. Counsel only stated he would bring in such witnesses as he saw fit to call. At no time was anything said or even intimated to the court that any evidence existed or could be secured that would in the slightest degree throw any doubt upon the guilt of appellants, or tend to show any mitigating circumstances. At the time of denying the motions the court said: "The court very fully recalls all that transpired at the time each of these defendants in these two cases were arraigned and plead and were sentenced. . . . I feel that at the time the parties were in court, they fully understood all the proceedings; they entered their pleas after consideration; they freely admitted their guilt, and after carefully explaining to them the effect of waiving the time for pronouncement of judgment they waived the time, and the court pronounced judgment accordingly. Therefore I feel that the only proper thing to do is to deny both motions, and they are denied." No such strong and convincing showing as is required by the rule laid down in

*People* v. *Schwarz* and the other cases has here been made. It does not appear that either of these defendants have been deprived of a trial on the merits by any duress, fraud or other fact overreaching their free will and judgment. Under the circumstances disclosed by the record, the action of the trial court was not only within its discretion, but was eminently proper.

The contention is also made that all of the proceedings were so fast and hurried as to deprive appellants of their rights, and that appellants were informed that the proceeding in the Superior Court was to be only a preliminary examination. We have carefully gone over the record and find nothing to support these contentions. The mere fact that these proceedings were all had in one day, with the defendants pleading guilty, is not sufficient to establish irregularity or deprivation of legal rights. There had previously been some proceedings in the justice's court and the above-quoted answers in the Superior Court show an understanding that judgment was to be pronounced. The entire record discloses a disappointment at the sentence, rather than a misunderstanding of the nature of the proceedings. Some claim is made that the preliminary in the justice's court was not properly held. While there is nothing in the record to show what was done there, it was admitted by counsel for appellants in a statement to the trial court that the defendants had been taken before a justice of the peace on that morning. Not only is the presumption in favor of the information as filed, but the defendants are precluded from now raising such an objection. (Pen. Code, secs. 995, 996.)

It is next claimed that the trial court was in error in passing sentence in less than two days after the plea. The record shows that each defendant waived time for judgment, after the trial court had carefully explained that sentence could not be pronounced until the expiration of two days, unless this was done. The law is set forth in *People* v. *Manriquez, supra:*

"It has long been settled that one may waive a right created by statute for his benefit, and that the rule applies to the time for pronouncing the judgment of the court in criminal cases. (*People* v. *Robinson*, 46 Cal. 94, 96; *People*

v. *Mess,* 65 Cal. 174 [3 Pac. 670] ; *People* v. *Johnson,* 88 Cal. 171, 174 [25 Pac. 1116].) ''

 It is finally urged that the informations do not state a public offense, in that they do not comply with sections 950 and 951 of the Penal Code. It is admitted by respondent that the informations were faulty, in that they failed to allege the sex and the name of the persons upon whom the crimes were committed. Each information, however, was in almost the identical language of the statute. (See 14 Cal. Jur., p. 49, sec. 37.) No objection to the sufficiency of each information was raised, either by demurrer or motion in arrest of judgment. The matter was not mentioned by counsel in presenting any motion, and so far as is shown by the record, it was never in any manner called to the attention of the trial court. It first appears in appellants' opening brief. This objection cannot be raised for the first time on appeal. (Pen. Code, sec. 1012; *People* v. *Welton,* 190 Cal. 238 [211 Pac. 802]; *People* v. *Schwarz, supra; People* v. *Fuski,* 49 Cal. App. 4 [192 Pac. 552].)

Not only was there no showing of the facts relied on before the trial court, and no proper offer to show the same, but nowhere in the record is there any showing of any evidence, newly discovered or otherwise, that would or might tend to prove the innocence of the defendants, or either of them, or that would or might tend to prove any mitigating circumstances. Nor does the record disclose any offer to make such a showing. After a careful examination of the entire cause, including the evidence, we are not of the opinion that any existing error has resulted in a miscarriage of justice. (Const. of California, art. VI, sec. 4½.)

All of the judgments and orders appealed from are therefore affirmed.

Marks, J., and Owen, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 4, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 19, 1930.