[Crim. No. 112.   Fourth Appellate District.—January 19, 1931.]

THE PEOPLE, Respondent, v. TONY TOLEDO, Appellant.

J. M. Lopes and J. A. Chase for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant was charged in an amended information filed by the district attorney of Tulare County, with the crime of forgery and with two prior convictions of burglary. He entered a plea of guilty, admitted the priors, waived the time for pronouncing judgment and was sentenced on September 22, 1930, to imprisonment in the state penitentiary at Folsom. On October 1, 1930, he moved to set aside the judgment, and for permission to withdraw his plea of guilty and enter one of not guilty. After a hearing, the court denied the motion and this appeal is taken from this order, and also from the judgment originally rendered.

Appellant first contends that the evidence presented at the hearing does not support the order denying his motion for permission to change his plea. It is his position that, in any view of the case, certain statements made to him by the deputy district attorney prior to his plea of guilty, constitute such a threat as to conclusively show that the plea of guilty was made, not freely and voluntarily, but

under duress and as a result of fear. In his own affidavit, which appellant introduced in support of this motion, the principal statement complained of is thus set forth: "It is lucky for you that you got here now, for I was just about to file three other charges against you and one charge against your brother, Domingos Toledo, charging him with compounding a felony for offering to pay off those checks." The affidavit further sets forth that the deputy district attorney also stated that in case the other charges were filed against appellant, the term of his sentence would be forty-eight years, and that if he entered a plea of guilty upon a single charge alone, sentence would only be twelve years; that affiant was informed by his own attorney that if he entered a plea of guilty his sentence would be twelve years, which could be reduced by credits for good behavior; that he entered his plea of guilty for the purpose of protecting his brother; for the additional reason that he believed his sentence would be but twelve years; and that he did not learn until after his plea was entered that the sentence would be for life. Appellant also introduced the affidavit of the attorney who represented him at the time he pleaded guilty, being a different attorney from those conducting his appeal, in which the attorney states that immediately after he arrived in the courtroom, prior to the plea of guilty, the deputy district attorney announced that it was a good thing he had gotten there as he was about to get a warrant for appellant's brother and three more warrants for the appellant himself; that during a conversation which followed, the deputy district attorney stated, in a rather impatient and threatening manner, that he had a witness to the effect that appellant's brother offered to and tried to buy one of the checks involved in one of the three additional charges; that he intended prosecuting all parties that had anything to do with these checks; that the sentence would be for twelve years; and that affiant believed twelve years to be the maximum sentence.

The mere belief on the part of a defendant that he will receive a punishment lighter than the one actually imposed is not a sufficient ground for granting such a motion as we are considering. (*People* v. *Manriquez,* 188 Cal. 602 [20 A. L. R. 1441, 206 Pac. 63]; *People* v. *Junod,* 85 Cal. App. 194 [259 Pac. 101].) Furthermore in the instant

case, not only would appellant's attorney be presumed to know the penalty provided by law for such a case, but the record shows that the trial court had before it the testimony of the deputy district attorney that, on the occasion in question, he told the appellant and his attorney, that the offenses charged in the information brought appellant under a life sentence, but that he would be eligible to parole in twelve years, and that he supposed he would probably be paroled at the end of that time. We might well say here, as was said by the court in *People* v. *Perez,* 9 Cal. App., at 266 [98 Pac. 870, 871]: "The court was not bound to accept as true the statements of appellant in his petition, but it was its duty to ascertain the facts and act accordingly."

In reference to the claim of duress, it appears that when the case was called in court, appellant's attorney was not present. The district attorney testified that at that time the appellant called him over to him, and the following conversation occurred: "He says 'Tell me what this new paper is,' and then I explained to him it was the amended Freitas check charge, with the addition of the two priors for burglary, and he said, 'Well, I admit them.' He says 'he is right', and then I told him, I says 'Tony, we have got two more checks' and he says, 'What are those,' then I explained to him how we had located two checks, one in Tipton and one here in Visalia, and I told him at that time that we were filing complaints against him on those two charges, and he said 'What is the best thing for me to do now?' He says 'Can I plead guilty to the charge without the priors,' and I explained to him there that the law compelled me to file the priors, and after I once filed them, it would be impossible for me to dismiss them, and he says, 'Well, I will plead guilty to all of them,' and I says, 'When do you want me to do it,' and we had some discussion. . . ." He further testified that the appellant wanted to plead then, but was told to wait until his attorney came. Thereupon, the district attorney left the courtroom. After his attorney arrived a conversation occurred between appellant, his attorney and the deputy district attorney, the appellant's version of which is set forth in the affidavits above mentioned. The deputy district attorney's version is that he told them the following: "Furthermore, the dis-

trict attorney's office is pretty hot about the attempted interference with witnesses in this case, and we don't like that, and it makes us pretty hot to have it happen, and we are contemplating filing a complaint against Domingues Toledo for attempting to interfere with witnesses.''

He also admitted telling them that he intended to prosecute on the other charges on which he had evidence. At the hearing upon this motion, over the objection of appellant, the court admitted evidence as to the contents of a statement made by appellant after he had been taken to the penitentiary, which was taken down in shorthand and transcribed, but not sworn to. Nowhere in this statement does appellant claim that any promise was made to him that he would receive a lighter punishment if he pleaded guilty. The statement is far from convincing as to appellant's present contentions. He states therein that after he talked with the district attorney in the courtroom, as above referred to, he understood it was all right with the district attorney if he pleaded guilty to the charges contained in the information; and that he later talked with the deputy district attorney, but couldn't remember what he said except that ''he said best thing to plead guilty''. He then added, ''I know he made a statement there he would be satisfied if I got 12 years.'' He further stated that he changed his mind when he saw the law book, and that the only quarrel he had with anybody, was as to the penalty. It seems quite apparent from the record that this last statement is correct.

■ Such a motion as this is addressed to the sound discretion of the trial court, and unless this discretion is abused, its action will not be disturbed. (*People* v. *Lee,* 17 Cal. 76; *People* v. *Bostic,* 167 Cal. 754 [141 Pac. 380]; *People* v. *Murphy,* 62 Cal. App. 709 [217 Pac. 810]; *People* v. *Smink,* 105 Cal. App. 784 [288 Pac. 873].) The order denying appellant's motion is amply sustained by the record. Not only have we serious doubt as to whether a statement by a district attorney that he contemplates doing his duty, may ever be considered as duress, within the meaning of such a motion as this, but the record here shows no abuse of the discretion vested in the trial court.

■ The only other point raised is, that it was error for the court to receive at this hearing evidence of the state-

ment of appellant above referred to, which was taken down in shorthand, but not sworn to. What appellant said on that occasion was admissible for the purpose of contradicting assertions made by him in his affidavit. In any event, the same rules do not apply to a proceeding of this character, as govern the admission of evidence in the trial of a case. Where the foundations of a judgment already entered by a court' are thus questioned, the trial judge should have a wide latitude in getting at the real facts and in ascertaining whether or not an injustice has been done to a defendant. An informal statement, made by the person seeking to set aside the judgment, may be even more illuminating than a mere formal affidavit. This particular statement, as may be imagined from the objection, is not favorable to appellant's contentions, and further confirms the correctness of the order from which this appeal is taken.

The order and judgment are affirmed.

Marks, J., and Jennings, J., concurred.