[Crim. No. 186. Fourth Appellate District.—October 4, 1935.]

THE PEOPLE, Respondent, v. MACE BEAL, Appellant.

W. C. Dorris and R. W. Henderson for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—This is an appeal from an order refusing to permit the defendant to withdraw his plea of guilty and enter a plea of not guilty.

The defendant was accused of a violation of section 288 of the Penal Code, alleged to have been committed in a particular manner upon the person of Kathaleen McAnanlly, a child of the age of nine years, on the eleventh day of July, 1935. The defendant was arrested on the evening of that day and confessed his guilt to the arresting officers. A complaint was filed on July 12, 1935, and on the next day he was taken before a justice of the peace. After reading the complaint to him the justice informed him of his rights, telling him he was entitled to a speedy examination, to a reasonable delay, to counsel at all stages, to process to compel the attendance of any witnesses that he might desire, to be confronted by witnesses against him and to cross-examine them, and to be admitted to bail. He was then warned that any

statement he made might be used against him and told that an officer would take a message for him to anyone in the township free of charge, and bail was fixed. The justice then asked him when he wanted to have his preliminary examination to which he replied: ''Just as quick as I can get them.'' He was then asked if he desired to be sworn and testify at that time and he said that he did. After being sworn he stated that he had taken the little girl with him on a hunting expedition on the 11th and then told what had occurred, giving facts which abundantly proved a violation of the code section in question.

Later on that day the defendant was taken into the superior court, where he was duly arraigned and informed of his rights. He stated that he desired an attorney and the court appointed one to represent him. Immediately thereafter the defendant stated to the court that if the charge against him was not for rape, he desired to enter a plea of guilty to the charge without further delay and without the appointment of an attorney. The judge then said to him: ''Even though you are not charged with rape you are still charged with a felony and if you enter a plea of guilty it will be necessary for this court to send you to the state's prison at San Quentin.'' The defendant then stated that he desired to proceed and thereupon entered a plea of guilty to the crime as charged. The court then proceeded to examine the defendant and to pronounce sentence. In the course of the examination the defendant admitted having performed the acts constituting the basis of the charge.

On July 16, 1935, counsel for the defendant filed a petition, sworn to by the defendant, asking permission to withdraw his plea of guilty and substitute a plea of not guilty. In this petition the defendant alleged that on July 11, 1935, he was arrested while in an automobile with a child under the age of fourteen years; that at the time of his arrest he was so far under the influence of intoxicating liquor as to be unable to operate the automobile; that shortly after the arrest and while he was still under the influence of liquor and unable to understand or know what he was doing the officer induced him to sign some sort of statement or confession; that at the time of signing the same he did not know or understand the contents thereof; that while he was depressed and recovering from the effects of the liquor a deputy sheriff told him that if he would

plead guilty to the charge it would be better for him and that he would be sentenced to three months in the county jail; that while he did not fully understand or appreciate the nature of the charge he did understand that it was based upon alleged immoral relations with the said minor child and he was grieved and depressed that such charges should be made against him; that he had no opportunity to consult with friends or counsel up to the time he entered his plea of guilty; that he relied upon the statement of the deputy sheriff that he would be given only a jail sentence and, relying thereon and still suffering from the depressing influence of intoxication, he testified at the preliminary examination; that at no time did he realize the seriousness of the charges against him; that when he was not drunk the fact that such a charge was made made him utterly disgusted; that at no time was he "able to rationally determine his course of conduct"; that he is not guilty of lewd and lascivious conduct with or upon the person of said child; and that he desires to change his plea of guilty to that of not guilty. The judge of the trial court filed an affidavit setting forth what occurred prior to the passing of sentence on July 13. The request for permission to change his plea was denied and from that order this appeal was taken.

The appellant relies upon such cases as *People* v. *Schwarz*, 201 Cal. 309 [257 Pac. 71], in which it has been held that where on account of duress, fraud or other fact overreaching the free will and judgment of a defendant he is deprived of the right of a trial on the merits the court may, on a proper showing, grant him the privilege of withdrawing his plea of guilty and entering one of not guilty. It is argued that the record here shows that the appellant's mind was confused, that he was still suffering from the effects of his debauch of the second day before, that he was given no opportunity to exercise deliberation, that he was without the assistance of counsel, that he had no real knowledge of the charge against him, that he was materially mistaken as to the seriousness of the punishment which he faced, and while it is expressly stated that no charge of fraud is brought against anyone it is argued that these things constituted an "overreaching" of the free will and judgment of the appellant.

The appellant had two days to recover from his intoxication, he was fully and carefully informed of his rights by the

justice of the peace, and the record of the preliminary examination, which is before us, does not support his claim that he was so confused that he did not understand what was going on. He made clear-cut answers to all questions except those relating to the name of the child and described what had occurred in a way that indicates that he thoroughly understood what he was doing. This is also indicated by his actions when taken into the superior court later the same day. Even after an attorney had been appointed for him he expressed the desire to plead guilty without delay and without an attorney since the charge was not rape. After the court had warned him that the charge was a felony and that a plea of guilty would result in his being sent to the penitentiary he stated that he desired to proceed and entered a plea of guilty. If a sheriff told him that a plea of guilty would result in a jail sentence he knew before he pleaded guilty that he could not rely on such a statement, as the court informed him that if he did so he would be sent to the penitentiary. In our opinion there is nothing to show any overreaching of the free will and judgment of the defendant within the meaning of the cases cited, and nothing to show an abuse of the discretion vested in the trial court.

It is further urged that it affirmatively appears from the record that the appellant was not guilty of the crime with which he was charged. It is argued that appellant's testimony at the preliminary examination shows that he committed the forbidden acts with a different girl than the one named in the complaint and that he committed the offense in a manner slightly different from that alleged. This argument seems to be made here for the first time and no such claim is included in appellant's sworn petition for permission to change his plea. The contention that the offense was committed in a manner other than that named in the complaint may be dismissed with the statement that the appellant's testimony at the preliminary examination, while it could be taken either way, fully justifies the inference that the offense was committed in the manner charged.

The main contention here is that the appellant's testimony at the preliminary examination shows that he knew Kathaleen McAnanlly but that he had had nothing to do with her and that his testimony related to his conduct with some other girl.

Immediately after the justice of the peace read to the appellant the complaint charging him with misconduct upon the person of Kathaleen McAnanlly the justice said: ''Mr. Beal you may proceed and testify as you desire to the charges as I have read them to you here,'' to which the appellant replied: ''I was drunk and played with her.'' During the examination he was asked if he ''knew this girl Kathaleen McAnanlly before this happened'', and replied: ''Yes.'' Later he said he was not talking about Kathaleen McAnanlly, that ''I never said anything to Kathaleen McAnanlly,'' and that he did not know the name of the girl about whom he was talking. He then stated that he was out hunting ''day before yesterday'', that he had a girl with him, that he did not know her name, and that ''she was about fourteen or eighteen years old'', whereupon the district attorney asked ''Mildred Joseph's daughter—I understand you don't know what the little girl's name is now?'' He replied: ''No, I don't.''

While the appellant may have been confused as to which girl was Kathaleen McAnanlly there can be no question as to which girl he was found with, and we think it sufficiently appears from the record that in his testimony at the preliminary examination he was talking about the same girl he mentions in his petition for change of plea, that this was the girl with whom he was found, and that the only confusion arose from the fact that the girl's mother had a different name and that the appellant did not know what the girl's name then was. The appellant refers in his petition for permission to change his plea to the child found with him at the time he was arrested and states that he understood that the charge was based upon his alleged relations with said child; he described at his preliminary examination how he had taken the girl with him on a hunting trip, giving this testimony when asked to proceed and tell what had occurred after hearing the complaint read; he pleaded guilty to the charge in the superior court and according to the trial judge, when later examined, he admitted having performed the acts charged in the complaint. There could be no real question as to the identity of the child found with him and had such a claim been raised in the trial court, any doubt as to the name of the child could have been cleared up. We entertain no doubt of the appellant's guilt or of the fact that the entire proceedings, includ-

ing the admissions made by the appellant, related to the girl who was found with him at the time he was arrested.

The order appealed from is affirmed.

Marks, J., and Jennings, J., concurred.