[Crim. No. 1868.   First Appellate District, Division One.—January 31, 1936.]

THE PEOPLE, Respondent, v. SALVADOR ANNINO, Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

KNIGHT, J.—The defendant appealed from a judgment of conviction of rape, after having pleaded guilty to the charge; but to all intents and purposes the appeal has been abandoned.   After filing the notice of appeal and the written

statement of the grounds thereof, nothing was done in furtherance of the appeal; no brief was filed nor was any appearance made in behalf of the defendant when the appeal came on for oral argument before this court. The attorney-general moved, therefore, that the judgment be affirmed, and doubtless under the rule was entitled to have the motion granted *pro forma.* Nevertheless we have examined the record, and after having done so find the appeal to be without merit. ,

The following are the facts: Defendant was charged by an information containing two counts with the commission of the crimes of rape and contributing to the delinquency of a minor. At the arraignment he was represented by counsel of his own selection, and after having been granted a continuance of one week, entered a plea of not guilty to each count. The trial of the cause was set by consent for a week later, and at the beginning thereof defendant, being personally present with his counsel, withdrew his plea of not guilty to the first count and entered a plea of guilty thereto; whereupon, on motion of the district attorney, the second count was ordered dismissed. A motion for probation was then made in behalf of defendant, and pronouncement of judgment of sentence was postponed for approximately a month. In the meantime defendant secured other counsel, and when the cause again came before the court, counsel then representing him presented a motion in his behalf asking leave to withdraw his plea of guilty to the first count and to enter a plea of not guilty thereto. The ground of the motion was that defendant entered said plea of guilty to the first count through a misunderstanding on his part; that he intended to plead guilty to the second count. In opposition to appellant's claim, the attorney representing him at the time he entered said plea of guilty was called as a witness by the state, and according to his testimony there was no misunderstanding whatever about the matter; whereupon defendant's motion for leave to withdraw his plea was denied and judgment of sentence was pronounced. In so testifying said attorney stated that the defendant first made a proposition to the district attorney that he would plead guilty to the charge of contributing to the delinquency of a minor (which involved a lesser penalty) if the charge of rape were dismissed; that the district attorney rejected the proposition,

562

but agreed to dismiss the charge embodied in the second count if defendant would plead guilty to the charge of rape. Continuing, said attorney testified that he fully explained all of this to the defendant and that the defendant thereupon consented to the proposal so made by the district attorney and entered his plea accordingly.

It is well settled that in passing on a defendant's motion to withdraw a plea of guilty, the trial court is vested with the exercise of a wide discretionary power; and it is evident from the foregoing testimony that there was no abuse in the exercise of such discretionary power in the present case.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.