[Crim. No. 451.   Fourth Appellate District.—April 1, 1940.]

THE PEOPLE, Respondent, v. EUGENE F. NORTHCUTT, Appellant.

Edgar G. Langford for Appellant.

Earl Warren, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The defendant appeals from a judgment of conviction on a charge of bringing embezzled prop-

erty, an automobile, into the State of California, in violation of the provisions of section 497 of the Penal Code.

The sole ground of appeal is that the trial court abused its discretion in denying the appellant's request to be allowed to withdraw his plea of guilty and enter one of not guilty. The appellant relies upon *People* v. *Schwarz*, 201 Cal. 309 [257 Pac. 71], and *People* v. *Grant*, 97 Cal. App. 60 [274 Pac. 1005, 275 Pac. 838]. In the first of these cases the court said that it was well settled that where on account of duress, fraud or other fact overreaching the free will and judgment of a defendant he is deprived of a trial on the merits, the court may, if a properly supported motion is seasonably made, grant him the privilege of withdrawing a plea of guilty and entering one of not guilty, but that ''this exceptional remedy applies only where no trial has been had on the merits and only upon a strong and convincing showing of the deprivation of legal rights by extrinsic causes''. In that case it was held that it was the duty of the court to permit a change of plea where the defendant had made a full statement or confession to a district attorney in consideration of a promise of immunity and had entered a plea of guilty in reliance upon such an agreement, which had not been kept. A similar holding is found in *People* v. *Grant, supra,* where it also appeared that the defendant was not guilty of the charge set forth in the information and, if guilty at all, was guilty of a minor infraction of the Motor Vehicle Act. ■■ It is well settled that the court has a wide discretion in the matter of granting or denying permission to withdraw a plea of guilty and to substitute therefor a plea of not guilty, that such an order will not be disturbed except upon a strong and convincing showing that a defendant has been deprived of his legal rights, and that the mere fact that a defendant hoped or believed, or was led by his counsel to hope or believe that he would receive a milder punishment by pleading guilty is not, in itself, sufficient to require the granting of a request for permission to change a plea of guilty to one of not guilty. (*People* v. *Aseltine,* 139 Cal. App. 768 [34 Pac. (2d) 830]; *People* v. *Annino,* 11 Cal. App. (2d) 560 [54 Pac. (2d) 531]; *People* v. *Taylor,* 21 Cal. App. (2d) 562 [69 Pac. (2d) 1025]; *People* v. *Smink,* 105 Cal. App. 784 [288 Pac. 873].)

■ The appellant herein was arraigned in the Municipal Court of the City of San Diego on October 31, 1939, being then represented by an attorney. He entered a plea of guilty and the case was certified and remanded to the superior court for further proceedings. The case came up in the superior court on November 3, 1939, the appellant not then being represented by counsel. He was asked by the court if he was represented by an attorney and if he wanted an attorney, to both of which questions he answered "No". He then told the court "I'd like to change my plea to not guilty." When asked by the court his reason for this he replied: "I didn't understand it in the other court, I have never been in court before." The court stated that the showing was not sufficient, told the appellant that he had had a lawyer to advise him in the municipal court, and that he would not permit a change of plea on the showing then made. The court then asked the appellant if he desired to ask for probation, which the appellant did, and the matter was continued.

On November 24, 1939, and after the report of the probation officer was filed, the matter again came on for hearing, at which time the appellant was represented by his present counsel. His counsel stated that he understood the appellant had previously made a motion for permission to change his plea of guilty, which motion had been denied. The court stated that the appellant had been represented by counsel in the other court, and stated that he wanted to know why the appellant had changed his mind. No real attempt was made to furnish the information thus requested and no motion was then made for permission to change the plea, and no affidavits were filed or evidence introduced for the purpose of supporting such a motion or request. The court then proceeded to examine into the facts of the case, the record thereof consisting of twenty-five pages besides the report of the probation officer, which was considered by the court. The statements then made by the appellant indicate quite clearly that he was guilty of the offense charged. In the course of that examination the appellant stated that when the matter came up in the municipal court he "talked to" two lawyers and that "one of them told me to plead guilty, the other one told me not to; they got together and said 'it would pay you to plead guilty' ", and that he thought both of these were his lawyers.

Nothing further appears in the entire record which throws any light upon the question now raised. The court denied the application for probation and, after arraignment, pronounced judgment sentencing the appellant to confinement in the penitentiary.

A full and fair hearing was had as to the circumstances in connection with the original charge and also in connection with the application for permission to change the plea, even if it be considered that such a motion was renewed at the hearing on November 24, 1939.

No abuse of discretion appears and the judgment appealed from is affirmed.

Marks, J., and Griffin, J., concurred.