THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* EPIFANIO FRANCO ORTIZ, Defendant and Appellant.

No. 14235.   Argued January 10, 1950.   Decided January 16, 1950.

*Santos P. Amadeo* for appellant. *Vicente Géigel Polanco, Attorney General,* and *J. Rivera Barreras, Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Did the lower court act correctly in overruling defendant's motion asking leave to withdraw his plea of guilty and enter a plea of not guilty? This is the only question involved herein.

It appears from the record that the appellant Epifanio Franco Ortiz was charged on May 16, 1949 with the crime of bigamy; that on May 31 the defendant appeared personally for arraignment and upon stating that he had an attorney but that the latter was not present, the court appointed one to represent him during the arraignment, whereupon the defendant, by means of the attorney, entered a plea of not guilty and requested a trial by jury; that on June 29 next the case was called for trial and the defendant represented by other two attorneys he himself had hired, withdrew his plea of not guilty and entered a plea of guilty of the offense charged, not only by means of said attorneys but also personally when the court asked him whether that was his plea; that then he likewise waived the term granted by law before having judgment pronounced against him and requested that his case be referred to the probation officer in order to determine whether he was entitled to avail himself of the act providing for suspended sentences;[1] that thereupon the court ordered the probation officer to investigate defendant's case and to report thereon on or before July 15; that no judgment was entered against the defendant on this latter date because he was ill and that on July 22, upon the case being called once more, the defendant appeared in person and assisted by a new lawyer; that the court then addressed the defendant and upon asking him whether there was any legal reason why judgment should not be pronounced against him, his attorney said:

---

[1] Act No. 259 of April 3, 1946 (Sess. Laws, p. 534).

752

". . . The defendant, the reason he has, Your Honor, is that he wants to withdraw his plea of guilty and wishes to have a trial. For that purpose we would like to have the defendant testify."

The court forthwith overruled the petition and after some additional statements and after asking whether anyone had obliged the defendant to plead guilty, the defense contended that a certain circumstance existed to the effect that during those days the defendant had family problems and that this prompted him to get out of the difficulty by entering a plea of guilty. The lower court thereupon finally overruled defendant's motion, as well as the latter's petition that the sentence be suspended and proceeded to impose on him a penalty of from one to two years' imprisonment in the penitentiary and a $100 fine.[2]

The only question raised on appeal, as we have indicated, turns on the action of the lower court in overruling the motion asking leave to change the plea of guilty for a plea of not guilty. Section 164 of the Code of Criminal Procedure of Puerto Rico provides that:

"A plea of guilty can be entered only by the defendant himself in open court, . . . The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted."

In construing § 1018 of their Code of Criminal Procedure, which is identical with our § 164, the California courts have held that to permit a defendant to withdraw a plea of guilty falls entirely on the sound discretion of the trial court and that the appellate court will not disturb said discretion unless

---

[2] In the order entered by the lower court on July 26, 1949, denying bond on appeal to the defendant, it is stated that defendant's petition for leave to change his plea was made after the overruling of his motion for suspended sentence. However, since from the transcript of evidence it clearly appears that the motion to withdraw his plea of guilty was made by the defendant prior to the denial of his previous motion requesting the benefit of the act providing for suspended sentences, we have taken for granted that the latter was what really happened.

an abuse thereof is shown. They have also decided that as a question of law the defendant should be permitted to withdraw his plea of guilty when the same has been due to duress, fraud or inadvertence. *People* v. *Wells*, 175 P. (2) 595 (1946); *People* v. *Schwarz*, 257 P. 71 (1927); 7 Cal. Jur. § 135, pp. 999 *et seq.* See also 3 Am. Jur. § 959, p. 522 and 14 Am. Jur. § 286, p. 960; as well as 66 A.L.R. 628 and 20 A.L.R. 1445. We are in complete agreement with the above-mentioned view.

There is nothing here to show that the defendant acted under duress, that there was fraud of any kind or that the plea of guilty was inadvertently entered. On the contrary, the record shows that the defendant was a member of the Insular Police wherefore it should be presumed that he was aware of the implications of his plea of guilty. Furthermore, when he entered his plea he was assisted by two lawyers whom he himself hired, and that he voluntarily entered said plea. We do not believe that under the attendant circumstances the lower court abused its discretion in denying the motion to change defendant's plea, nor that it erred in acting as it did.

The judgment appealed from will be affirmed.